# Richmond

ARTHUR REEVES MORRISON v. COMMONWEALTH OF VIRGINIA,
EX REL. C. F. JOYNER, JR., COMMISSIONER OF
MOTOR VEHICLES.

March 13, 1950.

Record No. 3668.

Present, All the Justices.

The opinion states the case.

*William C. Nemeth* and *Roswell P. Waldo*, for the appel-lant.

*J. Lindsay Almond, Jr., Attorney General,* and *D. Gardi-ner Tyler, Jr., Assistant Attorney General,* for the Common-wealth.

EGGLESTON, J., delivered the opinion of the court.

This is an appeal of right from an order of the Circuit Court of Arlington county sustaining the order or act of the Commissioner of the Division of Motor Vehicles revoking the license of Arthur Reeves Morrison to operate a motor vehicle in the Commonwealth of Virginia for a period of one year from July 1, 1949.

Morrison was convicted by the trial justice of Arlington county on June 30, 1948, upon a charge of reckless driving alleged to have been committed on the preceding June 15. On June 13, 1949, he was convicted in the county court of that county upon a similar charge, alleged to have been committed on May 6th in the latter year. Upon receipt of the records of these convictions the Commissioner of the Division of Motor Vehicles, pursuant to the mandatory pro--

vision of section 16 of the Virginia Motor Vehicle Safety Responsibility Act,[1] revoked Morrison's license for the period stated.

This section requires the Commissioner to "forthwith revoke, and not thereafter reissue during the period of one year, the license of any person, resident or nonresident, upon receiving a record of his conviction of," among other offenses, "two charges of reckless driving, * * * when the offenses upon which they are based were committed within a period of twelve consecutive months."

To review the action of the Commissioner, Morrison filed a petition for appeal in the Circuit Court of Arlington county, as authorized by section 21[2] of the Act. This latter section provides in part: "No review shall lie in any case in which the revocation of the license or registration was mandatory except to determine the identity of the person concerned when the question of identity is in dispute."

At the trial of the petition for review a jury was waived and all matters of law and fact were submitted to the court. Morrison offered evidence to show that he "was not the person who the arresting officer intended to charge with the violation set forth in (the) warrant" charging him with reckless driving on May 6, 1949. He claimed that such evidence was admissible and pertinent to the issue under the terms of that portion of section 21 just quoted.

The circuit court excluded this evidence and none other having been offered, an order or judgment affirming the action of the Commissioner was entered. To review this order or judgment the present appeal has been allowed under the further provision of section 21 of the Act.

We are of opinion that the ruling of the circuit court was plainly right. The provision in section 21 permitting the circuit court to "determine the identity of the person concerned" is intended to allow the introduction of evidence

[1] Acts 1944, ch. 384, p. 587, as amended by Acts 1948, ch. 469, p. 939; Michie's Code of 1942 (1948 Supp.), § 2154(a16); Code of 1950, § 46-416.
[2] Acts 1944, ch. 384, p. 587, as amended by Acts 1948, ch. 469, pp. 939, 941; Michie's Code of 1942 (1948 Supp.), § 2154(a21); Code of 1950, § 46-424.

to show that the person whose license was revoked by the "order or act" of the Commissioner was not in fact the same person who had been convicted of the offense or offenses for which the revocation was required. In short, its purpose is to afford a judicial review where it is claimed that the license of one person has been revoked by reason of a judgment of conviction pronounced against another.

Such provision was not designed or intended, as the plaintiff in error here claims, to permit a licensee who has been convicted upon a charge of reckless driving, or upon any of the other charges mentioned in section 16, to have such conviction reviewed and set aside by showing that he was not sufficiently identified at the trial to warrant his conviction.

The issue of the identification of the plaintiff in error as the person who was charged with reckless driving on May 6, 1949, was settled by the judgment of conviction in the county court. From that judgment the plaintiff in error had an appeal of right to the Circuit Court of Arlington county within ten days, with the right to a trial *de novo* and a full opportunity of showing that he was not the person charged with the offense.[3] Having failed to perfect such appeal within the prescribed manner and time, the judgment of conviction became final, and the issue of identification which was thereby settled cannot be reviewed in the present proceeding.

For these reasons the order or judgment is

*Affirmed.*

---

[3] Acts 1948, ch. 346, pp. 673, 675.