C. H. LAMB, COMMISSIONER OF THE DIVISION OF MOTOR VEHICLES
OF THE COMMONWEALTH OF VIRGINIA V. CHARLEY CURRY.

October 10, 1955.

Record No. 4429.

Present, All the Justices.

The opinion states the case.

*J. Lindsay Almond, Jr., Attorney General* and *D. Gardiner Tyler, Assistant Attorney General,* for the appellant.

No appearance for the appellee.

MILLER, J., delivered the opinion of the court.

Charlie Curry, a resident of Norfolk county, Virginia, was convicted, in the circuit court of Nansemond county on October 28, 1953, of the offense of reckless driving. He was also convicted in the trial justice court of Norfolk county on May 21, 1954, for operating an automobile at an unlawful rate of speed. The offenses

for which he was convicted were committed within a period of twelve consecutive months.

C. H. Lamb, Commissioner of the Division of Motor Vehicles, hereinafter called Commissioner, was forwarded certificates of these convictions as required by law, and on October 8, 1954, he issued an order revoking Curry's permit to operate a motor vehicle for a period of sixty days. The order of revocation was entered under the mandatory provisions of § 46-416.2, Code of 1950, as amended by Acts 1954, c. 538, p. 636.[1]

On November 4, 1954, Curry filed in the circuit court of Norfolk county a petition in which he alleged the validity of the Commissioner's order of revocation and sought its reversal. The petition is styled "In the Matter of the Appeal of Charlie Curry From an Order of Suspension and Revocation of a Motor Vehicle Operator's License * * *." It is entitled "Notice of Appeal and Application for Stay of Enforcement of Order."

The style, title and contents of the pleading clearly show that it is an appeal to the circuit court under the provisions of § 46-424, Code of 1950, Acts 1952, c. 544, p. 850,[2] for review of the order of revocation as distinguished from an original petition or bill for equitable relief.

No question of identity is raised by Curry in the petition but he challenges the constitutionality of § 46-416.2 as applied to him because it became effective subsequent to his commission and conviction of the offenses for which his license was revoked. He asserts that the legislature did not intend that the statute have retro-

---

[1] The Commissioner shall forthwith revoke and not thereafter reissue during a period of sixty days the license of any person, resident or nonresident, upon receipt of a record of his conviction of reckless driving and of any provision of law establishing the lawful rates of speed of motor vehicles when the offenses upon which the convictions are based were committed within a period of twelve consecutive months. The provisions of §§ 46-59 and 46-125 shall not apply to any person whose license is revoked under the provisions of this section.

[2] (a) Any person aggrieved by an order or act of the Commissioner requiring suspension or revocation of a license or registration under the provisions of this chapter, may, within thirty days from the date of such order or act, file a petition of appeal in the Circuit Court of the city of Richmond or any court of record having jurisdiction in the city or county wherein such person resides, which said courts shall have jurisdiction thereof, with a copy of said petition being sent to the Commissioner at the time of the filing of the same in the aforesaid court, and the original shall show by certificate the date of mailing such copy to the Commissioner. No appeal shall lie in any case in which the revocation of the license or registration was mandatory except to determine the identity of the person concerned when the question of identity is in dispute. * * *

active effect, but if the legislature did intend that it have retroactive application so as to bring about revocation of his operator's license, then it is an *ex post facto* law and violative of § 58 of the Constitution of Virginia.

A demurrer on behalf of the Commissioner was interposed by the Attorney General to the petition. In the demurrer he asserted that the offenses for which Curry had been convicted made the revocation of his license mandatory, and that under the express language of § 46-424 no appeal lies in any case where an operator's license has been revoked under mandatory provisions of the Motor Vehicle Safety Responsibility Act, except to determine the operator's identity. He earnestly contends that the defense asserted by Curry could not be maintained on his appeal to the circuit court.

The trial court entertained Curry's contention and held that if § 46-416.2 be applied to his offenses, it would constitute *ex post facto* legislation and be violative of § 58 of the Constitution of Virginia. The Commissioner's demurrer was overruled and he was perpetually restrained from enforcing the order revoking Curry's license to operate a motor vehicle. We granted an appeal to the Commissioner.

Under § 46-416 and § 46-416.1, Code of 1950, (both of which sections were enacted prior to 1953), the Commissioner is required to revoke a driver's license to operate a motor vehicle upon conviction of two offenses of reckless driving committed within twelve months or upon conviction of two offenses of operating a motor vehicle at an unlawful rate of speed committed within a period of twelve months. Until the enactment of § 46-416.2, Acts 1954, c. 538, p. 636, which became effective on June 30, 1954, there was no provision in the Motor Vehicle Safety Responsibility Act making it mandatory that the Commissioner revoke an operator's license after conviction of an offense of reckless driving and an offense of operating a motor vehicle at an unlawful rate of speed. By this section it is made mandatory that the Commissioner revoke a driver's permit when he is convicted of two such offenses committed within a period of twelve consecutive months.

If § 46-424 precludes an appeal for the assertion of the defense interposed by Curry and limits the inquiry on appeal to a determination of the identity of the person convicted of the offenses for which revocation of an operator's license is made mandatory, then the Commissioner's demurrer should have been sustained.

The provision in § 46-424 relied upon by the Commissioner is mandatory and unequivocal. It reads:

"No appeal shall lie in any case in which the revocation of the license or registration was mandatory except to determine the identity of the person concerned when the question of identity is in dispute."

In *Dillon* v. *Joyner*, 192 Va. 559, 66 S. E. (2d) 583, in construing this sentence where no question of identity was involved, we said:

"The narrow issue now presented is whether a person, whose license to drive a motor vehicle has been revoked by the Commissioner of the Division of Motor Vehicles, based upon convictions on two offenses of reckless driving within twelve consecutive months, can raise the question of the validity of the judgments in a proceeding instituted under section 46-424 of the Code of 1950, where the judgments are valid on their face, and where there is no question as to the identity of the person involved. Our answer to this is in the negative. (Page 561)

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

"There is no review under section 46-424 where the revocation was mandatory, except on the question of identity." (Page 563) *Morrison* v. *Commonwealth*, 190 Va. 527, 58 S. E. (2d) 30; *Law* v. *Commonwealth*, 171 Va. 449, 199 S. E. 516.

Under the certain and mandatory language of § 46-424 and the authority of *Dillon* v. *Joyner, supra,* it is clear that the issues sought to be presented by Curry on this appeal could not be considered by the court. The character of the offenses for which he was convicted limited the inquiry on appeal under § 46-424 to one of identity. The demurrer should have been sustained and the appeal dismissed.

The order appealed from will be reversed, the injunction awarded against the Commissioner dissolved, the demurrer sustained, and the appeal to the circuit court dismissed; the effect of which will restore the Commissioner's order of revocation to its original force and effect.

*Reversed and petition dismissed.*