Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and Keenan, JJ., and Cochran, Retired Justice

FAIRFAX COUNTY DEPARTMENT OF HUMAN DEVELOPMENT

OPINION BY JUSTICE ROSCOE B. STEPHENSON, JR.

v.   Record No. 950827

March 1, 1996

FELICIA L. DONALD

FROM THE COURT OF APPEALS OF VIRGINIA

The sole issue in this appeal is whether the Court of Appeals erred in ruling that, under the facts of this case, the trial court had the authority to award attorney's fees.

The proceedings and relevant facts are undisputed.  On October 23, 1991, the Fairfax County Department of Human Development (the County) filed a petition in the Fairfax County Juvenile and Domestic Relations District Court, alleging that Felicia L. Donald "abused and/or neglected" her two minor children.  Following an ore tenus hearing, the district court, by order entered November 18, 1991, dismissed the petition with prejudice.

On December 20, 1991, the County appealed the case to the Circuit Court of Fairfax County for a de novo hearing.  Following an extensive trial, the circuit court, by order entered July 8, 1993, ruled that the County's appeal was untimely and dismissed the petition.  By the same order, the circuit court also denied Donald's request for attorney's fees, reasoning that an award of fees was barred by the doctrine of sovereign immunity.

Donald appealed the denial of attorney's fees to the Court of Appeals, and, on August 23, 1994, a three-judge panel of the Court of Appeals, by memorandum opinion, affirmed the circuit

court's judgment. The Court of Appeals granted a rehearing en banc and, thereafter, reversed the circuit court's judgment and remanded the case to the circuit court "for a determination of reasonable attorney fees to be fixed together with costs." Donald v. Fairfax County, 20 Va. App. 155, 162, 455 S.E.2d 740, 744 (1995). We awarded the County an appeal, having determined that the decision of the Court of Appeals involves matters of significant precedential value. Code § 17-116.07(B).

The jurisdiction, practice, and procedure of juvenile and domestic relations district courts are wholly statutory and are set forth in Title 16.1, Chapter 11 of the Code (Code § 16.1-226 et seq.). Walker v. Dept. of Public Welfare, 223 Va. 557, 562, 290 S.E.2d 887, 890 (1982). An appeal from a district court to a circuit court may be taken within ten days from the entry of a final judgment or order of the district court, Code §§ 16.1-132 and -296, and shall be heard de novo in the circuit court, Code §§ 16.1-136 and -296. The circuit court, in all such cases on appeal, shall have all the powers and authority granted by Chapter 11 to the district court. Code § 16.1-296.

In 1991, the General Assembly specifically addressed district courts' authority to award attorney's fees. Acts 1991, c. 534. Code § 16.1-278.19 provides that, "[i]n any matter properly before the [district] court, the court may award attorneys' fees and costs on behalf of any party as the court deems appropriate based on the relative financial ability of the

parties."  This Code section is the sole authority granted to district courts for awarding attorney's fees.[1]

Circuit courts have those powers and authority that are granted to district courts, but district courts are empowered to award attorney's fees only in matters "properly before [them]." We read the statutes to apply the same jurisdictional prerequisite to a circuit court's authority to award attorney's fees as applies to a district court's authority to award fees.  A matter may not be properly before a circuit court, and thus ineligible for an award of attorney's fees, even though it originally was properly before the district court.

In the present case, the appeal was not taken within ten days from the district court's final order; therefore, the circuit court was without jurisdiction, and the matter was not "properly before" the circuit court.  Thus, the circuit court lacked authority to award attorney's fees.  Consequently, we hold that the Court of Appeals erred in reversing the circuit court's judgment and in remanding the case to the circuit court for an award of reasonable attorney's fees.[2]

---

[1]Donald relies on Code § 16.1-296 as authority for awarding attorney's fees.  That section states that "[c]osts, taxes and fees on appealed cases shall be assessed only in those cases in which a trial fee could have been assessed in juvenile and domestic relations court and shall be collected in the circuit court."  Donald's reliance is misplaced because Code § 16.1-296 does not relate to attorney's fees.

[2]In view of the decision we reach, we express no opinion with respect to the circuit court's reliance upon the doctrine of sovereign immunity for its refusal to award attorney's fees.

Accordingly, we will reverse the judgment of the Court of Appeals and enter final judgment in favor of the County.

<u>Reversed and final judgment</u>.