COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Kelsey and Haley
Argued in Richmond, Virginia


BLAKE MITCHELL CONGDON

OPINION BY
v.      Record No. 0531-10-2          JUDGE D. ARTHUR KELSEY
                                      FEBRUARY 15, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
T.J. Hauler, Judge

Edwin Gadberry, III (Saunders, Patterson & Mack, on brief),
for appellant.

Benjamin H. Katz, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


In the Chesterfield Juvenile and Domestic Relations District Court, Blake Mitchell

Congdon pled guilty to felony vandalism. His plea agreement expressly waived his statutory

right of appeal to the circuit court. Congdon nonetheless filed an appeal which the Chesterfield

Circuit Court dismissed. He now appeals to us claiming the circuit court erred as a matter of

law. We disagree and affirm.

I.

Congdon, a juvenile, was charged with felony vandalism in August 2008. See Code

§ 18.2-137. Before the case went to trial in juvenile court, Congdon entered into a written plea

agreement. Under the plea agreement, the felony vandalism charge would be dismissed if

Congdon successfully completed a drug court program. The agreement, signed by Congdon and

his attorney, also included a provision stating that Congdon "**WAIVES, or gives up**" his

statutory "right to appeal the final decision of the Juvenile and Domestic Relations District Court

to the Circuit Court where the matter may be tried by a jury." Plea Agreement ¶ 3, at 2

(emphasis in original). The juvenile court accepted and signed the agreement, confirmed the

voluntariness of Congdon's consent, deferred the disposition of the felony vandalism charge, and ordered Congdon into the juvenile drug court program.

More than a year later, in December 2009, the juvenile court found Congdon in violation of the rules of the drug court program and terminated his participation in it. The juvenile court thereafter revoked Congdon's deferred disposition and entered a finding of delinquency on the felony vandalism charge as well as other unrelated charges. Congdon appealed to the circuit court seeking a *de novo* review. Holding that Congdon had made "an intelligent and effective" waiver of his statutory right of appeal, the circuit court dismissed the case.

II.

On appeal, Congdon asserts he has a statutory right under Code § 16.1-296(A) to an appeal from the juvenile court to the circuit court. As a matter of law, Congdon argues, this right cannot be waived. We disagree.

With few exceptions, most legal rights — whether common law, statutory, or constitutional — can be waived if the requisite formalities are observed. In the "context of a broad array of constitutional and statutory provisions," courts have "articulated a general rule that presumes the availability of waiver, . . . and we have recognized that 'the most basic rights of criminal defendants'" can be waived. New York v. Hill, 528 U.S. 110, 114 (2000) (citation omitted). "These rights may be as venerated as the right to a jury, the right to counsel, the right against self-incrimination, and the right to exclusion of evidence seized in an unconstitutional manner." Muhammad v. Commonwealth, 269 Va. 451, 507, 619 S.E.2d 16, 48 (2005).

Some waivers can be implied. For example, Miranda rights can be lost by an "implied waiver" just as effectively as by an express one. Berghuis v. Thompkins, 130 S. Ct. 2250, 2262 (2010). A plethora of constitutional trial rights can be implicitly waived simply by failing to timely assert them at trial. See, e.g., Vermont v. Brillon, 129 S. Ct. 1283, 1290 (2009) (applying

"standard waiver doctrine" to the constitutional right to a speedy trial); Taylor v. United States, 414 U.S. 17, 19 (1973) (holding confrontation rights can be implicitly waived). Other rights must be expressly waived. See, e.g., McCarthy v. United States, 394 U.S. 459, 466 (1969) (waiving a full evidentiary trial pursuant to a guilty plea); Johnson v. Zerbst, 304 U.S. 458, 464-65 (1938) (waiving the right to counsel). "What suffices for waiver depends on the nature of the right at issue." Hill, 528 U.S. at 114. Though the required form of the waiver varies from right to right, the legal efficacy of the waiver remains a constant.

A juvenile's right to seek a *de novo* circuit court appeal from a juvenile court ruling is entirely statutory. Code § 16.1-296(A) authorizes a *de novo* appeal from "any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction" if the appeal is filed within ten days after the entry of the juvenile court's final order. The statutory right of appeal, however, is implicitly waived (more precisely, forfeited) if the appellant misses the ten-day deadline — even if he does so entirely by mistake. See, e.g., Fairfax Cnty. Dep't of Human Dev. v. Donald, 251 Va. 227, 229, 467 S.E.2d 803, 804 (1996) (enforcing ten-day deadline); Morrison v. Commonwealth, 190 Va. 527, 530, 58 S.E.2d 30, 31 (1950) (holding appeal waived where appellant "failed to perfect such appeal within the prescribed manner").

The question we must answer is whether the right of appeal under Code § 16.1-296(A) can be *expressly* waived. It would seem anomalous that the most venerable constitutional rights can be implicitly waived but this particular statutory right cannot be expressly waived. To be sure, most courts "are persuaded that because other important constitutional rights of the defendant may be waived by plea agreement, the right to appeal, which is not even guaranteed by the Constitution, but by statute, should also be subject to waiver." 7 Wayne R. LaFave, Criminal Procedure § 27.5(c), at 75-76 (3d ed. 2007). Congdon, however, says there are several reasons

why neither he nor any other litigant can expressly waive the right of appeal under Code § 16.1-296(A).

First, Congdon observes that the very act of appealing the juvenile order has the effect of voiding it. See Commonwealth v. Diaz, 266 Va. 260, 266, 585 S.E.2d 552, 555 (2003) (stating "an appeal to a circuit court from a district court judgment annuls that prior judgment"); Cox v. Cox, 16 Va. App. 146, 148-49, 428 S.E.2d 515, 517 (1993) (holding a consent order, annulled by the appeal, does not bar the appeal). A void order, Congdon reasons, is a nullity for all purposes and cannot immunize itself from appellate review. True enough — but the circuit court did not hold the juvenile order, either by itself or coupled with anything else, waived Congdon's right of appeal. The circuit court instead held Congdon contractually waived his right of appeal in the plea agreement entered into over a year before entry of the final juvenile order.

When Virginia courts speak of nullifying the district court order, "the annulment of the district court judgment in such a situation occurs because a trial *de novo* has commenced on the merits of the case," Diaz, 266 Va. at 266, 585 S.E.2d at 555, an event that did not occur in this case. It is the *de novo* trial that annuls the district court judgment — not the notice of appeal. Id. Here, there was no *de novo* trial because the waiver occurred long before the juvenile court entered its order. Thus, it is a *non sequitur* to conclude the *de novo* appeal (which Congdon waived) voided the final juvenile order (which he agreed not to appeal).[1]

Second, Congdon also points out the right of appeal cannot be implicitly waived simply by paying lower court fines and costs. Such acts "do not *of themselves* constitute a waiver of the right to an appeal" that has been properly perfected. Gravely v. Deeds, 185 Va. 662, 665, 40 S.E.2d 175, 176-77 (1946) (emphasis added). The question here, however, is not whether we

---

[1] We acknowledge Congdon's citation to Harris v. Commonwealth, 279 Va. 541, 689 S.E.2d 713 (2009), but find nothing in its *ratio decidendi* addressing the issue before us.

should deem payment of lower court fines and costs (or other such conduct) to be an inadvertent, implied waiver of appeal. The question is whether we should refuse to enforce a deliberate, express decision to waive an appeal.

Moreover, to the extent an implied waiver case like Gravely sheds light on the issue before us, it is a light wholly unfavorable to Congdon. For if it were true that no appeal waiver of any nature (express or implied, formal or informal) could ever be legally enforced, it would have been unnecessary for Gravely to make the point that certain inadvertent acts "of themselves" did not constitute an implied waiver. Gravely, 185 Va. at 665, 40 S.E.2d at 176. Instead, if Gravely had employed Congdon's reasoning, the holding would have been far simpler: The indefeasible right of appeal from the district courts cannot be waived under any circumstances.

Third, Congdon notes that a district court guilty plea (whether unconditional or pursuant to a plea agreement) is inadmissible to prove a defendant's guilt when the case is tried *de novo* in the circuit court. See Santen v. Tuthill, 265 Va. 492, 497, 578 S.E.2d 788, 791 (2003). While certainly true, this assertion begs the question. When a defendant has a right to a *de novo* trial, the appeal must be truly *de novo*. It can hardly be so if the prosecution can prove the defendant's guilt in circuit court by proving he was convicted after pleading guilty in the district court. Yet, here again, the issue in this case is not how to conduct a truly *de novo* trial in circuit court, but whether there should be one in the first place.[2]

---

[2] Along similar lines, Congdon notes Rule 3A:19(b) addresses a criminal defendant's right to withdraw an appeal from a district court to a circuit court but does not mention any right to waive an appeal. We find appellant's point unpersuasive because Rule 3A:19(b) addresses the right to withdraw an already perfected appeal while the issue before us is the ability of a litigant to waive an appeal before it is filed. See generally United States v. Mezzanatto, 513 U.S. 196, 200-04 (1995) ("[r]ather than deeming waiver presumptively unavailable absent some sort of express enabling clause," it is better to adhere "to the opposite presumption" and recognize the availability of waiver absent a clear intention to exclude it).

In the end, we believe this case is answered by first principles. "Generally, a party may waive by contract any right conferred by law or contract. If the party being charged with relinquishment of a right had knowledge of the right and intended to waive it, the waiver will be enforced." Burke v. Burke, 52 Va. App. 183, 188, 662 S.E.2d 622, 624 (2008) (citation omitted) (holding a litigant can contractually waive her right of an appeal from a circuit court order). Relying on this premise, the great majority of courts have found express "waivers of appeals generally permissible and enforceable." United States v. Khattak, 273 F.3d 557, 560 (3d Cir. 2001).[3] As the United States Court of Appeals for the Fourth Circuit recently held:

> We have heretofore recognized that a defendant can, through a plea agreement, waive his appellate rights. See United States v. Poindexter, 492 F.3d 263, 267-68 (4th Cir. 2007). And we will enforce such a waiver if it is valid and if the issue sought to be appealed is within its scope. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). An appellate waiver is valid if the defendant knowingly and intelligently agreed to it. See id. at 169.

United States v. Mannigan, 592 F.3d 621, 627 (4th Cir. 2010).

Consistent with these views, Virginia has long held a criminal defendant can waive "his appeal of right" if the circumstances demonstrate "his decision to waive his appeal was made knowingly, voluntarily, and intelligently." Davidson v. Commonwealth, 244 Va. 129, 132, 419 S.E.2d 656, 658 (1992) (accepting waiver of right to appeal capital conviction but applying a specific statutory exception mandating limited appellate review of all death sentences); see, e.g., Hudson v. Commonwealth, 267 Va. 29, 33, 590 S.E.2d 362, 364 (2004); Emmett v. Commonwealth, 264 Va. 364, 370, 569 S.E.2d 39, 43-44 (2002); Zirkle v. Commonwealth, 262

---

[3] See also United States v. Calderon-Pacheco, 564 F.3d 55, 59 (1st Cir. 2009); United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004); United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005); United States v. Fleming, 239 F.3d 761, 763-64 (6th Cir. 2001); United States v. Chapa, 602 F.3d 865, 868 (7th Cir. 2010); United States v. Andis, 333 F.3d 886, 889 (8th Cir. 2003) (en banc); United States v. Watson, 582 F.3d 974, 986 (9th Cir. 2009); United States v. Smith, 500 F.3d 1206, 1210 (10th Cir. 2007); United States v. Howle, 166 F.3d 1166, 1168 (11th Cir. 1999).

Va. 631, 634-35, 553 S.E.2d 520, 522 (2001); <u>Patterson v. Commonwealth</u>, 262 Va. 301, 306, 551 S.E.2d 332, 335 (2001); <u>Payne v. Commonwealth</u>, 257 Va. 216, 220, 509 S.E.2d 293, 296 (1999).

In this case, the circuit court found Congdon knowingly and intelligently waived his right of appeal under Code § 16.1-296(A). Congdon does not claim the prosecutor, the district court, or anyone else coerced him into making the agreement. Nor does he contend the agreement was in any way unconscionable. Instead, Congdon merely asserts the circuit court should have declared the agreement unenforceable as a matter of law. Because we know of no law saying as much, and we are unwilling to declare it to be so *ipse dixit*, we cannot grant the unprecedented relief Congdon seeks.

<u>Affirmed.</u>