COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, Alston and Senior Judge Coleman
Argued at Alexandria, Virginia


MARK HENRY CRAIG

MEMORANDUM OPINION* BY
v.         Record No. 2007-10-4          JUDGE SAM W. COLEMAN III
                                          NOVEMBER 1, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Burke F. McCahill, Judge

Wayne L. Kim, Assistant Public Defender, for appellant.

Rosemary V. Bourne, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Pursuant to the procedure approved in North Carolina v. Alford, 400 U.S. 25 (1972),

Mark Henry Craig entered into a plea agreement acknowledging the evidence was sufficient to

find him guilty of one count of receiving or concealing stolen property in violation of Code

§ 18.2-108.  The agreement contained, among other provisions, requirements pertaining to Craig

paying restitution and reparations to the victim.  On appeal, Craig contends the trial court

misinterpreted Code § 19.2-305(B)[1] and abused its discretion "by requiring [him] to pay

restitution for damages not the subject of [the crime for which he was convicted]."  For the

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In pertinent part, Code § 19.2-305(B) states:

> A defendant placed on probation following conviction may be
> required to make at least partial restitution or reparation to the
> aggrieved party or parties for damages or loss caused by the
> offense for which conviction was had . . . .

reasons that follow, we hold that Craig waived his right to appeal the restitution order and, thus we affirm the trial court's decision.

BACKGROUND

On appeal, we review the evidence in the "light most favorable" to the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citation omitted). That principle requires us to "'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Kelly v. Commonwealth, 41 Va. App. 250, 254, 584 S.E.2d 444, 446 (2003) (*en banc*) (quoting Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998)).

The Commonwealth proffered evidence, to which Craig did not object, that a storage container owned by a construction company was forcibly opened and its contents stolen. The value of the stolen equipment was twelve thousand dollars ($12,000). While some of the stolen property was recovered from pawn shops, the value of the items not recovered was seven thousand eight hundred dollars ($7,800). The amount of damage to the container was five thousand five hundred dollars ($5,500). Following the theft, Craig was observed with at least some of the stolen equipment in his possession. The trial court ordered Craig to pay twelve thousand dollars ($12,000) in restitution, presumably for the value of the items not recovered and the damage to the container.

Craig's argument essentially is that because Code § 19.2-305(B) provides for restitution for damages or loss caused "by the offense for which conviction was had" and because there is no evidence linking him to the stolen items that were not recovered, he could not have been convicted for receiving or concealing the missing property valued at seven thousand eight hundred dollars ($7,800). Thus, he posits, the trial court lacked authority under the statute to

order restitution for the loss of that property or damages to the container not related to the receiving stolen property conviction.

ANALYSIS

The law of contracts applies to plea agreements. Wright v. Commonwealth, 275 Va. 77, 80-82, 655 S.E.2d 7, 9-10 (2008); Esparza v. Commonwealth, 29 Va. App. 600, 606, 513 S.E.2d 885, 888 (1999); Sluss v. Commonwealth, 14 Va. App. 601, 604, 419 S.E.2d 263, 265 (1992). "Generally, a party may waive by contract any right conferred by law or contract. If the party being charged with relinquishment of a right had knowledge of the right and intended to waive it, the waiver will be enforced." Burke v. Burke, 52 Va. App. 183, 188, 662 S.E.2d 622, 624 (2008) (citation omitted) (holding a litigant can contractually waive her right of an appeal from a circuit court order).

"With few exceptions, most legal rights — whether common law, statutory, or constitutional — can be waived if the requisite formalities are observed." Congdon v. Commonwealth, 57 Va. App. 692, 695, 705 S.E.2d 526, 528 (2011). "[M]ost courts 'are persuaded that because other important constitutional rights of the defendant may be waived by plea agreement, the right to appeal, which is not even guaranteed by the Constitution, but by statute, should also be subject to waiver.'" Id. at 696, 705 S.E.2d at 528 (quoting 7 Wayne R. LaFave, Criminal Procedure § 27.5(c), at 75-76 (3d ed. 2007)).

In this case, the plea agreement specifically states: "I understand that by pleading guilty that I waive my right to an appeal." The agreement also indicates Craig understood the constitutional guarantees he would have had if he had pled "not guilty" to the charge. Further, the agreement notes Craig understood "that [he was] waiving these rights by pleading guilty (Alford)." Thus, as part of the written plea agreement, Craig expressly waived his right to appeal the restitution order.

"Virginia has long held a criminal defendant can waive 'his appeal of right' if the circumstances demonstrate 'his decision to waive his appeal was made knowingly, voluntarily, and intelligently.'" Congdon, 57 Va. App. at 699, 705 S.E.2d at 530 (quoting Davidson v. Commonwealth, 244 Va. 129, 132, 419 S.E.2d 656, 658 (1992)).

Appellant concedes that he "does not argue that the plea was not knowingly and voluntarily made." Instead, he reasons that he only waived "his right to appeal the *conviction* by the court." (Emphasis in original). He further asserts that the Commonwealth's "contention that the appellant by entering an agreement waives all rights to appeal the decision of a lower court would lead to an absurd result."

However, it is well established that a voluntary and intelligent guilty plea by an accused is "'a waiver of all defenses other than those jurisdictional . . . . Where a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal.'" Dowell v. Commonwealth, 12 Va. App. 1145, 1148, 408 S.E.2d 263, 265 (1991) (quoting Savino v. Commonwealth, 239 Va. 534, 539, 391 S.E.2d 276, 278 (1990)), aff'd on reh'g en banc, 14 Va. App. 58, 414 S.E.2d 440 (1992). Consequently, no appellant can "complain of any non-jurisdictional defects that occurred prior to his guilty plea." Walton v. Commonwealth, 256 Va. 85, 91, 501 S.E.2d 134, 138 (1998); Terry v. Commonwealth, 30 Va. App. 192, 197, 516 S.E.2d 233, 235-36 (1999) (*en banc*). Here, Craig agreed to pay up to $12,000 in restitution prior to entering his plea. The plea agreement specifically announced: "I understand that the issue of restitution will be decided at sentencing. I agree to pay *any amount* of restitution owed as determined by the court . . . . I understand that restitution will be capped at $12,000 as noted in the proffer of facts." (Emphasis added). Craig also understood that entering his plea, he "waive[d] any right of appeal from the *decision* of the court," not merely the conviction itself. (Emphasis added).

The trial court, pursuant to the plea agreement and Code § 19.2-305(B), ordered Craig to pay $12,000 in restitution. Craig's argument that the order requires him to pay damages not the subject of his indictment, and is therefore illegal, is without merit. Craig was indicted for the offense of receiving or concealing stolen property in excess of $200 in violation of Code § 18.2-108.

The proffered facts were that $12,000 worth of equipment stolen from the company was "seen in the back of [Craig's] truck" and that Craig attempted to sell the stolen items to a pawn shop. The facts further proved that Craig and another man "sold the items to various pawn shops" and that "[e]xternal cameras from the shops show the items in the back of Mr. Craig's truck as he drives into the parking lots." At the sentencing hearing, Investigator Mark Bush testified that a storage container was destroyed during the theft. He further explained that the value of the stolen items that were never recovered combined with the loss incurred from the damage to the container exceeded $13,000.

As noted above, the principle is well established that "[w]hen a conviction is based upon a defendant's guilty plea and the defendant receives the sentence fixed by law, 'there is nothing to appeal' absent a jurisdictional defect." Miles v. Sheriff of Va. Beach City Jail, 266 Va. 110, 114, 581 S.E.2d 191, 193 (2003) (citation omitted). Although not directly addressing this concern, Craig's argument appears to assert that the judge exceeded his sentencing authority, rendering the restitution portion of his sentence invalid. As we held in Nesbit v. Commonwealth, 15 Va. App. 391, 394, 424 S.E.2d 239, 240 (1992), a sentence that is fixed outside the range established by the legislature is a defect that renders the sentence invalid as to the excess. See also Deagle v. Commonwealth, 214 Va. 304, 305, 199 S.E.2d 509, 510-11 (1973) (holding that "[a] sentence in excess of one prescribed by law is not void *ab initio* because of the excess, but is good insofar as the power of the court extends and is invalid only as to the excess"). Craig's

argument essentially asserts, however, that the evidence is insufficient to support the trial court's conclusion that his commission of the crime caused the company at least $12,000 in loss and damages. This assertion does not rise to the level of alleging a "jurisdictional defect." Miles, 266 Va. at 114, 581 S.E.2d at 193.

Instead, the amount of restitution to be repaid by a person convicted of a crime "is a matter resting within the sole province of the [trial court]." McCullough v. Commonwealth, 38 Va. App. 811, 815, 568 S.E.2d 449, 451 (2002) (citing Code § 19.2-305.1(C)). The trial court's judgment ordering appellant to pay the victim $12,000 restitution was supported by credible evidence. "'The weight which should be given to evidence . . . [is a] question[] which the fact finder must decide.'" Molina v. Commonwealth, 47 Va. App. 338, 370, 624 S.E.2d 83, 98 (2006) (quoting Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601-02 (1986)). Accordingly, as we find Craig validly waived his right to appeal the order of restitution and expressly agreed to pay any amount ordered by the court within the $12,000 cap and since he raises no cognizable jurisdictional challenge, we affirm the judgment of the trial court.

Affirmed.