COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Senior Judge Annunziata


NORBERT KARL THINNES
                                                    MEMORANDUM OPINION[*]
v.      Record No. 1794-11-2                              PER CURIAM
                                                         MAY 8, 2012
MARY M. H. THINNES


                FROM THE CIRCUIT COURT OF HANOVER COUNTY
                            J. Overton Harris, Judge

            (Norbert Karl Thinnes, *pro se*, on brief).  Appellant submitting on
            brief.

            No brief for appellee.


        Norbert Karl Thinnes appeals an order dismissing his appeal from the juvenile and domestic

relations district court.  Appellant argues that (1) he had ineffective assistance of counsel; (2) the

circuit court erred in denying his notice of appeal from the juvenile and domestic relations district

court and in dismissing the matter; and (3) "the circuit's court discretion was inappropriate to render

a decision based upon the Hanover County Juvenile & Domestic Relations District Court's ruling

on January 27, 2003 decision."  Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we affirm the decision of the circuit court.[1]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant filed a "Motion to Waive Brief Rule Stipulations" and requested that he not be required to comply with the Rules of this Court.  We deny his motion.  "Even pro se litigants must comply with the rules of court."  Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

BACKGROUND[2]

Appellant and appellee have two minor children. In 2003, the Hanover County Juvenile and Domestic Relations District Court (the JDR court) entered an order granting sole legal and physical custody to appellee with reasonable visitation to appellant.

In December 2010, appellant filed a motion to modify visitation. He was incarcerated and asked for visitation on weekends and holidays in accordance with his "established institutional visitation schedule." The JDR court appointed a guardian *ad litem*, Lisa Davis-Lee, to represent appellant. On February 28, 2011, the JDR court ruled that appellant's "visitation is suspended, until such time the children seek visitation with their father." Appellant was not present at the hearing and subsequently learned of the ruling. On March 11, 2011, eleven days after the ruling, appellant dated and mailed a notice of appeal. In a letter dated March 16, 2011, the JDR court informed appellant that his notice of appeal was late. In April 2011, appellant filed an "Affidavit in Support of Petition for Modification of the Father's Visitation Right [sic]" (appellant's affidavit) with the circuit court and argued that the circuit court should consider his appeal. On May 24, 2011, the circuit court entered an order dismissing the appeal because appellant was "late in noting his appeal." This appeal followed.

ANALYSIS

Ineffective assistance of counsel

Appellant argues that he received ineffective assistance of counsel because his guardian *ad litem* did not inform him of his right to appeal and the ten-day deadline to note his appeal. Assuming without deciding this Court is a proper forum to address a question of ineffective

---

[2] Appellant did not file a transcript or statement of facts. However, the record is sufficient to determine the issues on appeal, and a transcript or statement of facts is not necessary. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

assistance of counsel, we cannot do so where appellant did not raise the issue with the circuit court. Rule 5A:18.

In appellant's affidavit to the circuit court, appellant explained when he learned of the JDR court's ruling, when he filed his notice of appeal, and when he received a letter from the JDR court stating that his appeal was not timely. He included copies of the letters that he received from his guardian *ad litem*. At the conclusion of appellant's affidavit, he states:

> 11.     With that being said, I never asked Ms. Davis-Lee to file my appeal as a matter of facts [sic], I never knew that the Hanover Juvenile and Domestic Relations District Court had appointed Ms. Davis-Lee to be my guardian. Ms. Davis-Lee didn't appear to be in my best interest when we talked on the telephone.

For the first time on appeal, appellant argues that his guardian *ad litem* was ineffective because she failed to inform him of the deadline to file an appeal. At the circuit court below, he only stated that she "didn't appear to be in my best interest when we talked on the telephone." He did not elaborate on this statement, and he did not argue that she should have informed him of the deadlines concerning an appeal.

We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). A *pro se* litigant appearing "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987). Accordingly, we will not consider this argument. Rule 5A:18.

<u>Late appeal</u>

Appellant argues that the circuit court erred by dismissing his appeal because the notice of appeal was not timely. Appellant does not dispute the fact that his notice of appeal was filed late.

Pursuant to Code § 16.1-296(A), "[f]rom any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken to the circuit court within 10 days from the entry of a final judgment, order or conviction . . . ."

"The statutory right of appeal, however, is implicitly waived (more precisely, forfeited) if the appellant misses the ten-day deadline – even if he does so entirely by mistake." Congdon v. Commonwealth, 57 Va. App. 692, 696, 705 S.E.2d 526, 528 (2011) (citations omitted).

The circuit court did not err in dismissing appellant's JDR appeal because he missed the deadline to note his appeal.[3]

CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

Affirmed.

---

[3] Considering our rulings in this case, we need not address appellant's third assignment of error. See Kilby v. Culpeper Cnty. Dep't of Soc. Servs., 55 Va. App. 106, 108 n.1, 684 S.E.2d 219, 220 n.1 (2009) ) ("an appellate court decides cases on the best and narrowest ground available" (internal quotations and citations omitted)).