COURT OF APPEALS OF VIRGINIA

Present:    Judges Petty, Chafin and Senior Judge Annunziata

DEATRA BURCH

                                                            MEMORANDUM OPINION*
v.      Record No. 1269-12-4                                    PER CURIAM
                                                            JANUARY 29, 2013
CITY OF ALEXANDRIA,
 A MUNICIPAL CORPORATION OF VIRGINIA,
 DEPARTMENT OF COMMUNITY & HUMAN SERVICES


                FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                            James C. Clark, Judge

            (Aimee J. Davis, on brief), for appellant.

            (Richard F. Gibbons, Jr.; James L. Banks, Jr.; Stephen J. Saunders,
            Guardian *ad litem* for the minor child; Office of the City Attorney,
            on brief), for appellee.


        Deatra Burch appeals two orders dismissing her appeal from the Alexandria Juvenile and

Domestic Relations District Court (the JDR court).  Burch argues that the trial court erred by

(1) dismissing her appeal as untimely because it violated her Fourteenth Amendment right to

substantive and procedural due process since two witnesses at the JDR court level were not present

to testify despite being subpoenaed, which deprived her of her opportunity to fully and fairly litigate

the issues in the JDR court; (2) dismissing her appeal as untimely where all parties were aware of

her intent to appeal and but for a "miscommunication with the clerk about when the trial judge had

signed the order," Burch would have timely appealed her case; (3) dismissing her appeal as

untimely pursuant to Code § 16.1-296(A) since Code §§ 16.1-296(I) and 16.1-93 "read in pari

materia mandate that in 'Every action or other proceeding in a court not of record shall be tried

─────────────
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

according to the principles of law and equity, and when the same conflict the principles of equity shall prevail'"; (4) dismissing her appeal insofar as it violated her Fourteenth Amendment right to substantive and procedural due process by giving primacy to Code § 16.1-296(A) despite the Alexandria Department of Community & Human Services' (the Department) argument against a continuance at the JDR court level; and (5) granting the Department's motion to dismiss since the principles of equity and preservation of Burch's constitutional rights of due process should prevail because all parties were aware of her intent to appeal and the Department took positions which had the effect of violating Burch's due process rights. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

Burch is the mother of seven children, and this appeal concerns the youngest child, B.B.[1] On July 1, 2011, the JDR court found B.B. to be abused or neglected. On November 14, 2011, the JDR court entered a dispositional order transferring custody of B.B. to the Department. Burch timely appealed this order.

The Department subsequently filed a petition to terminate Burch's parental rights to B.B. On April 18, 2012, the JDR court heard the matter. Burch initially asked for a continuance because at least two of her witnesses, whom she subpoenaed, were not present. The JDR court

---

[1] Burch's oldest child lives with Burch's mother in New Jersey. Burch's parental rights to her other five children were terminated. See Burch v. Alexandria Dep't of Human Servs., No. 0888-11-4 (Va. Ct. App. Mar. 13, 2012).

denied the continuance request.[2]  After hearing the evidence and argument, the JDR court

terminated Burch's parental rights.  The JDR court entered an order terminating Burch's parental

rights on April 19, 2012.

Burch noted her appeal on May 1, 2012.  Burch acknowledges that her appeal was filed

late.  The Department filed a motion to dismiss the appeal of the April 19, 2012 order because

Burch filed a late notice of appeal.  The trial court granted the Department's motion on June 13,

2012.

The Department also filed a motion to dismiss Burch's appeal of the November 14, 2011

JDR order because Burch's parental rights had been terminated and her appeal of the termination

of her parental rights had been dismissed.  The appeal was moot.  The trial court granted the

Department's motion on July 11, 2012.

Burch timely appealed both orders dismissing her JDR appeals.

ANALYSIS

Burch contends the trial court erred in dismissing her JDR appeals.  However, Burch

acknowledges that she filed a late notice of appeal of the April 19, 2012 order.

Pursuant to Code § 16.1-296(A), "[f]rom any final order or judgment of the juvenile court

affecting the rights or interests of any person coming within its jurisdiction, an appeal may be

taken to the circuit court within 10 days from the entry of a final judgment, order or conviction

. . . ."

"The statutory right of appeal, however, is implicitly waived (more precisely, forfeited) if

the appellant misses the ten-day deadline — even if he does so entirely by mistake."  Congdon v.

Commonwealth, 57 Va. App. 692, 696, 705 S.E.2d 526, 528 (2011) (citations omitted); see also

---

[2] The matter previously had been continued, and after the last continuance, the JDR court
stated that it would not grant any further continuances.

Fairfax Cty. Dep't of Human Dev. v. Donald, 251 Va. 227, 229-30, 467 S.E.2d 803, 804 (1996) (holding that the circuit court did not have jurisdiction because the appeal was not filed within ten days of the district court's final order).

Although Burch stated her intention to appeal, she did not file a timely written notice. The trial court did not err in dismissing the JDR appeal because it did not have jurisdiction.[3]

Since jurisdiction is a threshold issue, see James v. Arlington Cnty. Bd. of Supervisors, 226 Va. 284, 307 S.E.2d 900 (1983), and the trial court did not have jurisdiction over the JDR appeal, we need not address Burch's other arguments. See Kilby v. Culpeper Cnty. Dep't of Soc. Servs., 55 Va. App. 106, 108 n.1, 684 S.E.2d 219, 220 n.1 (2009) ("an appellate court decides cases on the best and narrowest ground available" (internal quotations and citations omitted)).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.

---

[3] The trial court also did not err in dismissing her appeal of the November 14, 2011 order because the appeal was moot once Burch's parental rights had been terminated.