UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges O'Brien, Malveaux and Senior Judge Annunziata
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.      Record No. 0427-21-4        JUDGE MARY GRACE O'BRIEN
OCTOBER 14, 2021

JOSHUA LAWRENCE BOWEN


FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
Douglas L. Fleming, Jr., Judge

Mason D. Williams, Assistant Attorney General (Mark R. Herring,
Attorney General, on briefs), for appellant.

Joseph R. Pricone (Mark B. Williams & Associates, PLC, on brief),
for appellee.


Joshua Lawrence Bowen was indicted for possession of a Schedule I or II controlled

substance, in violation of Code § 18.2-250.  Bowen filed a pre-trial motion to suppress evidence

seized as a result of his traffic stop.  The court granted the motion, and the Commonwealth appeals.

A Fauquier County sheriff's deputy testified at the suppression hearing that he stopped

Bowen's vehicle for a defective brake light on August 23, 2020.  The deputy searched the vehicle

and seized suspected heroin that he found during the search.  After viewing the deputy's dashboard

camera footage, the court found that Bowen's brake lights were operational and the deputy had no

legal justification for the stop.  Therefore, the court suppressed the evidence seized during the search

of Bowen's car and dismissed the case.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On appeal, the Commonwealth does not challenge the court's ruling concerning the traffic stop but argues that because Bowen previously executed a waiver of his Fourth Amendment rights, he is precluded from contesting the search of his vehicle and seizure of the drugs. The deputy was unaware of both Bowen's probationary status and the waiver when he stopped the car.

Bowen had signed a plea agreement on March 5, 2020 that resolved various criminal charges in Frederick County Circuit Court. Bowen pled guilty to possession of heroin, in violation of Code § 18.2-250, possession of oxymorphone, in violation of Code § 18.2-250, and misdemeanor possession of drug paraphernalia, in violation of Code § 54.1-3466. The plea agreement provided that he would receive a suspended sentence of ninety days in jail for the drug paraphernalia charge and a total sentence of four years' incarceration for the felony charges, with all but two months suspended, conditioned on successful completion of two years of probation. The plea agreement included the following probation condition:

> [Bowen] shall, and does hereby, waive all Fourth Amendment rights against unreasonable searches and seizures for the period of probation, to wit: [Bowen] shall submit person, place of residence, and property to search or seizure at any time of the day or night by any law enforcement officer with or without reasonable suspicion, probable cause[,] or a warrant.

The Frederick County court sentenced Bowen as provided in the plea agreement. The sentencing order attached the probation terms and conditions, also signed by Bowen, reiterating his waiver.

In its ruling to suppress the evidence, the court found that Bowen's plea agreement contained a "voluntary agreement that [Bowen] made for a limited period of time, the period of his probation." However, the court determined that "there has to be some reasonable probation-related search for the court to apply [the waiver]." The court gave the example of a probation officer having an "articulated reason" to conduct a search pursuant to the waiver and found that such a

- 2 -

search would be "reasonable."  Ultimately, the [c]ourt found that "it violate[d] common sense" to apply the waiver to the search conducted by the sheriff's deputy.

In reviewing the court's ruling, we must interpret the terms of the plea agreement.  A plea agreement is construed as a contract between a defendant and the Commonwealth.  See Bardales v. Commonwealth, 71 Va. App. 737, 743-46 (2020) (holding that an order transferring custody of a defendant from the Department of Juvenile Justice to the Department of Corrections did not violate the plain language of his plea agreement); see also Griffin v. Commonwealth, 65 Va. App. 714, 718 (2016) (stating that "[o]nce accepted, courts generally treat plea agreements as binding contracts . . . subject to constitutional considerations").  A court's interpretation of a plea agreement is governed by contract law and is subject to *de novo* review.  Bardales, 71 Va. App. at 743.

Bowen does not contest that he agreed to waive his Fourth Amendment rights against unreasonable searches and seizures "by any law enforcement officer."  He concedes that this waiver was made knowingly and voluntarily, and he does not argue that it was obtained by fraud or duress.  Rather, he argues that the waiver should not apply because there was no reasonable suspicion to stop his vehicle.

"With few exceptions, most legal rights – whether common law, statutory, or constitutional – can be waived if the requisite formalities are observed."  Congdon v. Commonwealth, 57 Va. App. 692, 695 (2011).  "These rights may be as venerated as the right to a jury, the right to counsel, the right against self-incrimination, and the right to exclusion of evidence seized in an unconstitutional manner."  Id. (quoting Muhammad v. Commonwealth, 269 Va. 451, 507 (2005)).

This case is controlled by Anderson v. Commonwealth, 256 Va. 580 (1998).  In Anderson, the defendant signed a plea agreement that waived his Fourth Amendment rights for one year.  256 Va. at 582.  The substance of the waiver was the same as that contained in Bowen's plea agreement.  See id.  On appeal, the defendant challenged the validity and application of the provision.  Id. at

- 3 -

584-86. The Supreme Court upheld the waiver because the probation condition resulted not from a court order, but from a negotiated plea agreement that was "the product of [the defendant's] voluntary act." Id. at 586. The Court rejected the claim that the waiver was overly broad and therefore invalid. Id.

Bowen relies on Murry v. Commonwealth, 288 Va. 117 (2014), to support his contention that even a valid Fourth Amendment waiver is not absolute and must be applied reasonably. However, in Murry, the probation condition requiring the defendant to waive his Fourth Amendment rights was imposed by the court over the defendant's objection after a trial; it did not result from a negotiated plea agreement. 288 Va. at 121. The condition required the defendant to waive his Fourth Amendment rights during the "indefinite period" of his supervised probation. Id. The Supreme Court held that the condition was not reasonable, and the trial court abused its discretion by imposing it. Id. at 130; see also Du v. Commonwealth, 292 Va. 555, 563 (2016) (requiring court-ordered probation conditions to be reasonable).

Here, unlike Murry, the probation condition waiving Bowen's Fourth Amendment rights did not result from a court order. Bowen agreed to waive his Fourth Amendment rights for the two years he was on probation in exchange for a reduced sentence – two months' active incarceration instead of a possibility of twenty years' confinement. Bowen did not contend at the suppression hearing and does not argue now that the waiver condition was unconscionable or obtained by fraud or duress. Cf. Schneckloth v. Bustamonte, 412 U.S. 218, 248 (1973) (stating that a search based on consent requires that the government "demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied"). The plea agreement resulted from a negotiated bargain, and it is enforceable despite Bowen's waiver of his Fourth Amendment rights. See Anderson, 256 Va. at 585 ("[A] defendant can voluntarily agree to a bargain that provides for one of two undesirable options."); see also Bordenkircher v. Hayes, 434 U.S. 357, 365 (1978).

The language of the waiver contained in Bowen's probation condition was clear and unequivocal, albeit broad. However, in granting the suppression motion, the court impermissibly narrowed Bowen's waiver, stating that the search must be "reasonable" and "probation-related." These requirements were not included in the probation condition waiving Bowen's Fourth Amendment rights, and nothing authorized the court to rewrite the terms of the plea agreement between Bowen and the Commonwealth.

Because the search resulted from the pretextual stop, which was a patent violation of Bowen's Fourth Amendment rights, it is understandable that the court attempted to impose additional qualifications when interpreting the scope of the waiver. Nevertheless, the plain language of the plea agreement, the contract, controls. See Griffin, 65 Va. App. at 718-19. A court may not add conditions when the terms of a contract are clear. Palmer & Palmer Co., LLC v. Waterfront Marine Const., Inc., 276 Va. 285, 289 (2008) ("When a contract is clear and unambiguous, it is the court's duty to interpret the contract, as written."). Nothing in the language of the plea agreement limited Bowen's waiver to "reasonable" searches that were "probation-related." Therefore, because the court found that the search violated terms that were not included in the express waiver, it erred by granting the motion to suppress.

Accordingly, we reverse the decision of the court suppressing the evidence and remand for trial.

Reversed and remanded.