UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Fulton and White

SHAWN JAQUAYE FEATHERSTON

MEMORANDUM OPINION*
v.     Record No. 0402-22-1                          PER CURIAM
                                                      DECEMBER 29, 2022
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Matthew A. Glassman, Judge

(Elisabeth N. Culpepper, Assistant Public Defender, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Justin B. Hill, Assistant
Attorney General, on brief), for appellee.


The trial court convicted Shawn Jaquaye Featherston on guilty pleas of assault and battery

on a law enforcement officer and driving under the influence after a prior DUI conviction with a

BAC greater than .20. The trial court sentenced Featherston to a total of five years and six months'

active incarceration. On appeal, Featherston asserts that the trial court abused its sentencing

discretion. After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a). Accordingly, the trial court's judgment is affirmed.

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On June 20, 2021, Featherston was arrested for felony DUI, assault and battery on a law enforcement officer, disorderly conduct, and obstruction of justice. Following discovery and two continuances, Featherston entered into a written plea agreement on December 20, 2021. In the plea agreement, Featherston agreed to plead guilty to the DUI and assault charges in exchange for the Commonwealth *nolle prossing* the remaining charges. The plea agreement provided that Featherston's sentences would be decided by the trial court after argument. The agreement also provided that Featherston waived his right to seek reconsideration of his sentences by the trial court. Moreover, it provided that Featherston "waive[d] any right of appeal to the Court of Appeals of Virginia and the Virginia Supreme Court or any other appellate court." Finally, the agreement stated that "the defendant waives *any* other post-conviction relief whatsoever, including, but not limited to, claims of actual innocence." (Emphasis added). The sole post-conviction relief available to Featherston under the agreement was the "right to seek relief for claims of ineffective assistance of counsel."

Before accepting Featherston's guilty pleas, the trial court engaged in a thorough plea colloquy with him to ensure they were entered freely and voluntarily. Featherston confirmed that after discussing the charges with his attorney, he decided to plead guilty because he was, in fact, guilty. He understood that "the maximum punishment for each . . . offense[] [wa]s up to five years" in prison and that the sentencing guidelines were "not binding" on the court. During the colloquy, the trial court "read and summarized" the terms of the plea agreement, including the provision whereby Featherston "waive[d] any right to appeal to the Court of Appeals of

Virginia and the Virginia Supreme Court." Featherston explicitly agreed that he had signed and understood the terms of the plea agreement.

The Commonwealth proffered that Featherston was arrested after an individual reported that he was driving erratically on the night of June 19, 2021. The caller related that a car was "swerving" and had nearly collided with other vehicles while traveling approximately 100 miles per hour. Officer Privott responded to the call and intercepted Featherston in a parking lot. Featherston told Privott that he was traveling from a party in North Carolina where he had consumed three, eight-ounce beers. After Featherston performed poorly on several field sobriety tests, Privott arrested him for DUI and transported him to a police station for a breath test. Upon reaching the station, Featherston shoved Privott in the chest with both hands, stating, "When I get out of here, you're the first one I'll be looking for." Featherston's breath test revealed that his BAC was 0.25 grams per 210 liters of breath. Featherston had multiple prior DUI convictions, including a DUI conviction in 2012 for a third or subsequent offense, a felony.

The trial court accepted Featherston's guilty pleas and the plea agreement. The trial court found that Featherston had "freely and voluntarily entered his pleas" and convicted him of both offenses. On the assault and battery conviction, the trial court imposed the mandatory minimum six-month sentence. On the DUI conviction, the trial court sentenced Featherston to five years' incarceration. It found that the offense represented Featherston's sixth DUI, that he was highly intoxicated, and that he was driving at speeds approaching 100 miles per hour. The trial court emphasized that it had an obligation to "protect the community" from Featherston and his substance abuse problems. Featherston appeals.

ANALYSIS

Featherston argues that the trial court abused its discretion by imposing a five-year, six-month active term of incarceration because it failed to consider "relevant factors that should have

been given significant weight." The record demonstrates, however, that Featherston knowingly, voluntarily, and intelligently waived his right to appeal the trial court's judgment in his written plea agreement.

The Supreme Court of Virginia has held that "general principles of contract law apply to plea agreements[.]" *Wright v. Commonwealth*, 275 Va. 77, 79 (2008). "In general, a party may contractually waive 'any right conferred by law or contract.'" *Radiance Capital Receivables Fourteen, LLC v. Foster*, 298 Va. 14, 19 (2019) (quoting *Gordonsville Energy, L.P. v. Va. Elec. & Power Co.*, 257 Va. 344, 356 (1999)). "If the party being charged with relinquishment of a right had knowledge of the right and intended to waive it, the waiver will be enforced." *Gordonsville Energy*, 257 Va. at 356.

"With few exceptions, most legal rights—whether common law, statutory, or constitutional—can be waived if the requisite formalities are observed." *Congdon v. Commonwealth*, 57 Va. App. 692, 695 (2011). "Virginia has long held a criminal defendant can waive 'his appeal of right' if the circumstances demonstrate 'his decision to waive his appeal was made knowingly, voluntarily, and intelligently.'" *Id.* at 699 (quoting *Davidson v. Commonwealth*, 244 Va. 129, 132 (1992)). "[M]ost courts 'are persuaded that because other important constitutional rights of the defendant may be waived by plea agreement, the right to appeal, which is not even guaranteed by the Constitution, but by statute, should also be subject to waiver.'" *Id.* at 696 (quoting 7 Wayne R. LaFave, *Criminal Procedure* § 27.5(c), at 75-76 (3d ed. 2007)); *see also Burke v. Burke*, 52 Va. App. 183 (2008) (holding a litigant can contractually waive her right of an appeal from a circuit court order). "Express waivers can be made through a writing, an oral statement, or a combination of both." *Griffin v. Commonwealth*, 65 Va. App. 714, 719 (2016).

In this case, the plea agreement specifically states: "[T]he defendant waives any right of appeal to the Court of Appeals of Virginia and the Virginia Supreme Court or any other appellate

court.  Additionally, the defendant waives *any other post-conviction relief whatsoever*, including,

but not limited to, claims of actual innocence."  (Emphasis added).  Moreover, the trial court

explicitly read those provisions to Featherston during the plea colloquy, and he confirmed that he

understood them.  Finally, Featherston acknowledged by signing the agreement "that the effects

thereof have been fully explained to him by his attorney," that he "ha[d] entered into this agreement

freely and voluntarily," and that "there ha[d] been no other inducements, promises, threats or

coercion of any kind imposed upon the defendant nor suggested to the defendant by the Attorney for

the Commonwealth."  Accordingly, as the record affirmatively demonstrates that Featherston

knowingly, intelligently, and voluntarily waived his right to appeal the trial court's judgment to this

Court, we decline to consider his arguments.  *Congdon*, 57 Va. App. at 699.[1]

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed*.

---

[1] We decline Featherston's request to disregard his waiver and to review his sentences under either the good cause or the ends of justice exceptions in Rule 5A:18.  Featherston's sole argument in support of application of these exceptions is that his sentences were "unnecessarily harsh and cruel."  Even assuming, *arguendo*, that the exceptions applied, we do not engage in a proportionality review in cases that do not involve life sentences without the possibility of parole.  *Cole v. Commonwealth*, 58 Va. App. 642, 654 (2011).  Both of Featherston's sentences fell within statutory limits.  *See* Code §§ 18.2-10, 18.2-57(C), 18.2-266, 18.2-270(C)(2).  Sentences that fall within statutory limits "will not be overturned as being an abuse of discretion."  *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (quoting *Alston v. Commonwealth*, 274 Va. 759, 772 (2007)).