COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Chaney and Frucci
Argued at Fredericksburg, Virginia


MALACHI MONTGOMERY BIRCH, S/K/A
 MALACHI MONTGOMERY-BURCH

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 0246-24-4                        JUDGE RICHARD Y. ATLEE, JR.
                                                    JUNE 24, 2025

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                         Kathleen M. Uston, Judge

            Meghan Shapiro, Senior Appellate Attorney (Virginia Indigent
            Defense Commission, on briefs), for appellant.

            Kimberly A. Hackbarth, Senior Assistant Attorney General (Jason S.
            Miyares, Attorney General, on brief), for appellee.


        Pursuant to a deferred disposition agreement, Malachi Montgomery-Burch pled no contest

in general district court to petit larceny in violation of Code § 18.2-96. Upon the joint request of

Montgomery-Burch and the Commonwealth, the district court deferred judgment pursuant to Code

§ 19.2-298.02. Subsequently, the district court found that Montgomery-Burch had failed to comply

with the terms and conditions of the deferred judgment agreement and convicted him of the original

offense. Montgomery-Burch appealed to the circuit court, which dismissed his appeal, finding that

he had waived his appeal both expressly and by operation of Code § 19.2-298.02.

Montgomery-Burch now appeals that dismissal to this Court. Because we hold that

Montgomery-Burch expressly waived his appeal by entering into the deferred disposition

agreement, we affirm the circuit court's decision.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

## I. Background

Montgomery-Burch was charged with misdemeanor shoplifting. He then entered into a

written deferred disposition agreement with the Commonwealth under Code § 19.2-298.02. Under

that agreement, Montgomery-Burch agreed to plead no contest and fulfill certain conditions,

including the condition that he "[c]omplete a shoplifting prevention course." In exchange, the

Commonwealth agreed to dismiss the case and not prosecute Montgomery-Burch further for the

offense if he fulfilled the conditions. Montgomery-Burch acknowledged that, if he failed to comply

with the terms of the agreement, he would "be found guilty in accordance with [his] plea."[1]

The agreement also contained the following terms:

> 5) I understand that, when charged with a crime, the Constitution
> guarantees me the following rights:
>
> a.   the right to a speedy and public trial, with a lawyer to help me at
> all stages of the proceedings, and on appeal a jury of seven
> persons which must unanimously agree that I am guilty beyond a
> reasonable doubt before I can be convicted;
>
>        . . . .
>
> e.   the right to appellate review of the decision of this Court in the
> event I am convicted[.]
>
>        . . . .
>
> 6) I understand that by entering this agreement I knowingly,
> intelligently and voluntarily waive all of the rights enumerated
> above.

Montgomery-Burch, his trial counsel, and the Commonwealth signed the agreement. The district

court accepted the agreement, and where the judge endorsed the agreement, the document stated,

---

[1] The agreement also required Montgomery-Burch to "complete the terms and conditions of this agreement prior to the review date" and provided "that [he] was not entitled to a continuance to complete the terms and conditions."

"[h]aving advised the defendant that this agreement involves a waiver of his or her right to appeal, I approve this agreement."

On September 29, 2023, the district court conducted the review required by the agreement. Montgomery-Burch did not appear, and the district court continued the case to October 3, 2023. As of October 3, Montgomery-Burch had not completed the shoplifting prevention course, and the district court continued the case to November 13, 2023. At that time, Montgomery-Burch still had not completed the course, and the district court continued the case a final time to December 15, 2023, for "compliance or conviction." When Montgomery-Burch still did not complete the requirements of the deferred disposition agreement, the district court convicted him of the offense, finding that he "did not comply."

Montgomery-Burch appealed to the circuit court. The Commonwealth moved to dismiss the appeal, arguing that Montgomery-Burch had waived his right to appellate review, both expressly through the terms of the agreement and by entering a disposition under Code § 19.2-298.02, which the Commonwealth contended was a statutory bar to an appeal of a final order of guilt. After a hearing on the motion, the circuit court dismissed the appeal, finding that Montgomery-Burch both explicitly waived his appeal by entering into the agreement and through Code § 19.2-298.02. Montgomery-Burch now appeals that decision.

## II. Analysis

Montgomery-Burch argues that the circuit court erred by dismissing his appeal. He concedes that Code § 19.2-298.02 may, in some circumstances, waive an appeal of a finding of guilt but argues that it does not waive an appeal of a finding that he violated the conditions of the deferral. He also argues that he did not waive his right to appeal by agreement because the agreement must be read in the context of Code § 19.2-298.02. We disagree and hold that

Montgomery-Burch expressly waived his right to appeal by the express terms of the deferred disposition agreement.[2]

"We have long held that a party may waive by contract any right conferred by law or contract." *Yazdani v. Sazegar*, 76 Va. App. 261, 270 (2022). "If the party being charged with relinquishment of a right had knowledge of the right and intended to waive it, the waiver will be enforced." *Brown v. Commonwealth*, 68 Va. App. 58, 69 (2017) (quoting *Griffin v. Commonwealth*, 65 Va. App. 714, 718 (2016)); *see also Radiance Cap. Receivables Fourteen, LLC v. Foster*, 298 Va. 14, 20-21 (2019) ("A 'waiver' has been defined as 'the intentional relinquishment of a known right, with both knowledge of its existence and an intention to relinquish it.'" (quoting *Hensel Phelps Constr. Co. v. Thompson Masonry Contractor, Inc.*, 292 Va. 695, 702 (2016))).

"With few exceptions, most legal rights—whether common law, statutory, or constitutional—can be waived if the requisite formalities are observed." *Congdon v. Commonwealth*, 57 Va. App. 692, 695 (2011). "[M]ost courts 'are persuaded that because other important constitutional rights of the defendant may be waived by plea agreement, the right to appeal, which is not even guaranteed by the Constitution, but by statute, should also be subject to waiver.'" *Id.* at 696 (quoting 7 Wayne R. LaFave, *Criminal Procedure* § 27.5(c), at 75-76 (3d ed. 2007)). "Virginia has long held a criminal defendant can waive 'his appeal of right' if the circumstances demonstrate 'his decision to waive his appeal was made knowingly, voluntarily, and intelligently.'" *Id.* at 699 (quoting *Davidson v. Commonwealth*, 244 Va. 129, 132 (1992)). "Express waivers can be made through a writing, an oral statement, or a combination of both." *Griffin*, 65 Va. App. at 719.

---

[2] Because we hold that Montgomery-Burch expressly waived his right of appeal via the deferred disposition agreement, we do not address his statutory argument.

Here, the terms of the deferred disposition agreement establish that Montgomery-Burch expressly waived his right of appeal by entering into the agreement. By endorsing the agreement, Montgomery-Burch acknowledged that he "knowingly, intelligently and voluntarily waive[d] all of the rights enumerated" in the agreement, including "on appeal a jury of seven persons" and "the right to appellate review of the decision of [the district c]ourt in the event [he was] convicted." He also confirmed that his "attorney ha[d] explained to [him] the conditions" of the agreement and that "[n]o one connected with the State, such as the police, the Commonwealth's Attorney or any other official, ha[d] in many manner threatened . . . or forced [him] to enter" the agreement. Further, the district court confirmed that it had advised Montgomery-Burch that the "agreement involve[d] a waiver of his . . . right to appeal." Montgomery-Burch was present in the court and does not dispute that he entered into the agreement knowingly, intelligently, and voluntarily.

Nonetheless, Montgomery-Burch argues that he only waived his right to appeal the finding of guilt and did not waive his right to appeal a finding that he violated the conditions of his deferred disposition agreement. But the language of the agreement provides that he waived "the right to appellate review of the decision of [the district court] in the event [he was] convicted." That language is broad and encompasses the right to appellate review generally. Montgomery-Burch was advised, both in writing and by the district court, that he was waiving his right to appeal, and upon that basis, the district court accepted the agreement. *See Congdon*, 57 Va. App. at 699 (finding that a juvenile that entered a plea agreement waived his right of appeal where under the agreement, he "WAIVES, or gives up" his right to appeal a final decision). Accordingly, Montgomery-Burch expressly waived his right to appeal the decision of the district court when he entered into the deferred disposition agreement.

### III.  Conclusion

For these reasons, we hold that Montgomery-Burch expressly waived his right to appeal.

Accordingly, the circuit court did not err in dismissing the appeal, and we affirm.

*Affirmed.*