COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Clements
Argued at Alexandria, Virginia


RUSSELL KILBY
                                                              OPINION BY
v.        Record No. 0446-09-4              JUDGE WILLIAM G. PETTY
                                                           OCTOBER 27, 2009
CULPEPER COUNTY DEPARTMENT
  OF SOCIAL SERVICES


                  FROM THE CIRCUIT COURT OF CULPEPER COUNTY
                                John G. Berry, Judge

              Kirk T. Milam (The Law Office of Kirk T. Milam, P.L.C., on brief),
              for appellant.

              Robert F. Beard; Deborah E. Reed, Guardian *ad litem* for the minor
              child (Rappahannock Legal Services, Inc., on brief), for appellee.


        Russell Kilby, appellant, challenges the termination of his parental rights to his child.  Kilby

argues that the trial court erred when it found that he had been convicted of an offense under the

laws of the Commonwealth of Virginia that constituted felony assault resulting in serious bodily

injury or felony sexual assault of the child.  Kilby also argues that the trial court erred when it found

that the termination of his parental rights was in the child's best interest.[1]  For the reasons set forth

in this opinion, we disagree with Kilby and affirm the trial court's ruling.

_____

        [1] Kilby also raises a third question on appeal:

              Whether the trial court erred in ruling/finding that the residual
              parental rights of Russell Kilby to a sibling of [the child] had
              previously been involuntarily terminated as Russell Kilby noted an
              appeal to the prior involuntary termination and subsequently
              voluntarily withdrew same.

        When a trial court's judgment is made on alternative grounds, we need only consider
whether any one of the alternatives is sufficient to sustain the judgment of the trial court and, if

## I. BACKGROUND

We view the facts and incidents, and all reasonable inferences flowing therefrom, in the light most favorable to the party prevailing below. See Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991). In May 2005, Kilby's child was placed in foster care after the Culpeper County Department of Social Services (DSS) discovered through the course of a related investigation that the child's brother had been sexually assaulting her for the past year. This abuse was so severe that the child suffered an injury to her anus, which led to long-term bowel incontinence that caused the child to regularly soil her clothing. Kilby was prosecuted for, and convicted of, a violation of Code § 40.1-103, cruelty or injury to a child, based on his failure to prevent the abuse of his child.[2] Because the Kilbys would not take steps to create a

---

we so find, need not address the other grounds. See Boone v. C. Arthur Weaver Co., 235 Va. 157, 161, 365 S.E.2d 764, 766 (1988). Thus, we do not address Kilby's third question presented.

The appellee, Culpeper County Department of Social Services, also raised three additional questions on appeal:

> Was the trial court's failure to rule that the prior conviction of Russell Kilby was preclusive on the issues in this case an abuse of discretion, plainly wrong, or without evidence to support it?
>
> Was the trial court's failure to rule that Russell Kilby's prior conviction constituted a determination that Russell Kilby acted with "wanton or depraved indifference to human life" an abuse of discretion, plainly wrong, or without evidence to support it?
>
> Was the trial court's failure to find that Russell Kilby did not subject the child to "aggravated circumstances" an abuse of discretion, plainly wrong, or without evidence to support it?

Because an appellate court "decide[s] cases 'on the best and narrowest ground available,'" Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*) (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring))), we need not reach the appellee's questions presented in this case.

[2] Kilby does not challenge the proof of this conviction at the trial court termination proceeding; he concedes that he was convicted of this crime and that it arose from the abuse of this child.

safe home environment for the child, DSS eventually changed the child's foster care plan goal to adoption and, consequently, petitioned for termination of Kilby's residual parental rights. Following a hearing, the trial court terminated his parental rights pursuant to Code § 16.1-283. Along with a finding that termination was in the best interests of the child, the trial court also found that Kilby "had been convicted of an offense under the laws of this Commonwealth . . . that constitutes felony assault resulting in serious bodily injury or felony bodily wounding resulting in serious bodily injury or felony sexual assault, if the victim of the offense was a child of the parent." Code § 16.1-283(E)(iii). Alternatively, the trial court found that Kilby's "residual parental rights regarding a sibling of the child had previously been involuntarily terminated." Code § 16.1-283(E)(i). This appeal followed.

## II. ANALYSIS

### A. Standard of Review

As we address the issues Kilby has raised in this case, we are mindful of our standard of review. While we review the trial court's interpretation of a statute *de novo*, Ainslie v. Inman, 265 Va. 347, 352, 577 S.E.2d 246, 248 (2003), we will not disturb the trial court's factual findings on appeal unless they are plainly wrong or without evidence to support them, Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990). Recognizing that "the termination of [residual] parental rights is a grave, drastic and irreversible action," Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991) (internal quotation marks and citation omitted), we, nevertheless, presume the trial court has "thoroughly weighed all the evidence [and] considered the statutory requirements," Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (internal quotation marks and citation omitted). Moreover, the trial court is vested with broad discretion in making decisions "necessary to guard and to foster a child's best interests." Farley, 9 Va. App. at 328, 387 S.E.2d at 795. Finally, we recognize that this Court's primary interest in

deciding this case is this child's best interests.  See Toombs v. Lynchburg Div. of Soc. Servs., 223 Va. 225, 230, 288 S.E.2d 405, 407-08 (1982).

### B.  Termination of Parental Rights Pursuant to Code § 16.1-283(E)

Code § 16.1-283(E), which governs the termination of the residual parental rights of parents whose children have been placed in foster care, provides several grounds for termination.  In all cases, the court must find by clear and convincing evidence that the termination of parental rights is in the best interests of the child.  Code § 16.1-283(E).  Then, the court must also find, by clear and convincing evidence, one of the following:

> (i) the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily terminated; (ii) the parent has been convicted of an offense under the laws of this Commonwealth . . . that constitutes murder or voluntary manslaughter . . . if the victim of the offense was a child of the parent . . .; (iii) the parent has been convicted of an offense under the laws of this Commonwealth . . . that constitutes felony assault resulting in serious bodily injury or felony bodily wounding resulting in serious bodily injury or felony sexual assault, if the victim of the offense was a child of the parent . . . ; or (iv) the parent has subjected any child to aggravated circumstances.

Id.

### 1.  Felony Assault

Kilby argues that the trial court erred by determining that his parental rights should be terminated under Code § 16.1-283(E)(iii) because, he contends, his conviction under Code § 40.1-103 for cruelty or injury to a child is not "an offense . . . that constitutes felony assault resulting in serious bodily injury or felony bodily wounding resulting in serious bodily injury or felony sexual assault" within the meaning of Code § 16.1-283(E)(iii).  We disagree.

Code § 40.1-103 provides, in pertinent part:

> It shall be unlawful for any person employing or having the custody of any child willfully or negligently to cause or permit the life of such child to be endangered or the health of such child to be injured, or willfully or negligently to cause or permit such child to

- 4 -

be placed in a situation that its life, health or morals may be endangered, or to cause or permit such child to be overworked, tortured, tormented, mutilated, beaten or cruelly treated.

In Brown v. Spotsylvania Department of Social Services, 43 Va. App. 205, 597 S.E.2d 214 (2004), we had occasion to discuss whether a conviction under Code § 40.1-103 was a "felony assault" within the meaning of Code § 16.1-281(B)(3), which sets forth circumstances in which a child welfare agency may cease making reasonable efforts to reunite a child with a parent. Code § 16.1-281(B)(3) uses the exact same language as Code § 16.1-283(E)(iii). According to Code § 16.1-281(B)(3), a child welfare agency is no longer required to reunite a child with his or her parent:

if the court finds that . . . the parent has been convicted of an offense under the laws of the Commonwealth . . . that constitutes felony assault resulting in serious bodily injury or felony bodily wounding resulting in serious bodily injury or felony sexual assault, if the victim of the offense was a child of the parent . . . .

Code § 16.1-281(B), again like Code § 16.1-283(E), defines "serious bodily injury" as an injury "that involves substantial risk of death, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ or mental faculty." However, neither Code § 16.1-281, nor Code § 16.1-283 defines the term "felony assault." Thus, we interpreted that phrase in Brown, 43 Va. App. at 205, 597 S.E.2d at 214.

The appellant in Brown argued that Code § 40.1-103 could not be a "felony assault" because it did "not contain the common law elements of assault, specifically the intent to cause bodily harm." Brown, 43 Va. App. at 213, 597 S.E.2d at 217. We rejected that argument and, relying on settled principles of statutory interpretation, held that "the term 'felony assault,' as used in Code § 16.1-281(B)(3), means any felonious crime that results in serious bodily injury to a child of the parent or a child who lives with the parent." Id. We reasoned that the General Assembly's "overarching concern in adopting Code § 16.1-281(B) was the physical health of the

child" because of the emphasis the statute places on the term "serious bodily injury," id. at 215, 597 S.E.2d at 216-17, and that another interpretation of the phrase "felony assault" would render the provision meaningless.

Turning from <u>Brown</u> to the issue in this case, we hold that a conviction under Code § 40.1-103 is a "felony assault" for the purposes of Code § 16.1-283(E)(iii) as well as Code § 16.1-281(B)(3). In reaching this decision, we are guided by the concept of *in pari materia*. The concept of *in pari materia* embodies the idea that "'statutes which relate to the same subject matter should be read, construed and applied together so that the legislature's intention can be gathered from the whole of the enactments.'" <u>Alger v. Commonwealth</u>, 19 Va. App. 252, 256, 450 S.E.2d 765, 767 (1994) (quoting <u>Black's Law Dictionary</u> 791 (6th ed. 1990)). "Under the rule of statutory construction of statutes *in pari materia*, statutes are not to be considered as isolated fragments of law, but as a whole, or as parts of a great, connected homogeneous system, or a single and complete statutory arrangement." <u>Lillard v. Fairfax County Airport Auth.</u>, 208 Va. 8, 13, 155 S.E.2d 338, 342 (1967). Code §§ 16.1-281(B)(3) and 16.1-283(E)(iii) are part of the same statutory scheme, and were adopted to protect the physical well-being of children. Concluding that the term "felony assault" includes Code § 40.1-103 in the context of Code § 16.1-281(B)(3), but not in the context of Code § 16.1-283(E)(iii), when the two statutes are part of the same legislative scheme and the relevant language of the two statutes is identical, would be illogical.

Kilby, however, maintains that he, unlike Brown, did not inflict "serious bodily injury" on the child. "Rather," he argues, "[he] was convicted for acts of *omission*, i.e. . . . once having gained knowledge of sexual assault by his son against his [child], [he] failed to prevent further abuse." We reject this argument based on the plain language of Code § 16.1-283(E)(iii). First, Code § 16.1-283(E)(iii) does not predicate its application on the underlying facts of the "felony

assault" conviction—it merely states that the parent be convicted of a "felony assault." Here, Kilby concedes that he was convicted of a violation of Code § 40.1-103—an offense that, according to our decision in <u>Brown</u>, meets the statutory definition of a "felony assault."[3]

Second, Code § 16.1-283(E)(iii) provides for the termination of the residual parental rights of a parent "convicted of an offense . . . that constitutes felony assault *resulting in* serious bodily injury . . . if the victim of the offense was a child of the parent." (Emphasis added). The statute nowhere states that the parent must injure the child through an affirmative act. The gravamen of the statutory language is the effect on the child: simply put, whether the parent's act, of either omission or commission, resulted in the child's serious bodily injury. <u>See</u> <u>Brown</u>, 43 Va. App. at 215, 597 S.E.2d at 219 ("Consistent with the purpose of the act, we believe the provision's focus on crimes that result in serious bodily injury indicates, in this particular instance, that the legislature is not concerned with the nomenclature or the elements of the crime itself, *but rather with the effect the crime had on the child-victim*." (emphasis added)).

Thus, we conclude that the situation in this case is precisely the kind of situation Code § 16.1-283(E)(iii) is designed to address. Like Code § 16.1-281(B)(3), the focus of Code § 16.1-283(E)(iii) is the removal of a child from an environment injurious to her physical health. Here, DSS informed Kilby that his son "repeatedly sexually abused" his child. However, Kilby "did not obtain the DSS recommended psychological intervention for [his] children or provide adequate supervision, which allowed the abuse to continue. [Kilby] den[ied] that the abuse occurred despite evidence confirming it." This evidence included his child's bowel incontinence, caused by an anal tear she suffered as a result of her brother sexually abusing her.

---

[3] Code § 40.1-103(A) specifically provides for the prosecution of a person that "negligently . . . *permits* . . . the health of [a] child to be injured, or . . . negligently . . . *permit[s]* [a] child to be placed in a situation that its life, health or morals may be endangered, or . . . *permit[s]* [a] child to be . . . tortured, tormented, mutilated, beaten, or cruelly treated." (Emphasis added).

Three years after her removal from the Kilby household in May of 2005, the child continued to suffer from this injury. In a foster care service plan review dated June 2, 2008, DSS reported that: "[The child] continues to have issues with bowel leakage as associated with sexual abuse. She wears panty liners or full napkins to avoid soiling her clothing during periods of being unable to control her bowels." Clearly, this is a "serious bodily injury" within the meaning of Code § 16.1-283(E)(iii) because it "involves . . . protracted loss or impairment of the function of a bodily member, [or] organ . . . ." These facts led to Kilby's conviction under Code § 40.1-103, and these facts militate in favor of the termination of his parental rights to the child. Accordingly, we hold that a conviction under Code § 40.1-103 is a "felony assault" for the purposes of Code § 16.1-283(E)(iii).

## 2. Best Interests of the Child

Kilby also argues that the trial court did not find that he was an unfit parent and that, in the absence of that finding, "the law presumes the best interest of the child will be served when in the custody of the natural parent." Mason v. Moon, 9 Va. App. 217, 220, 385 S.E.2d 242, 244 (1989). Essentially, Kilby asserts that he was not afforded due process during the termination proceeding because the trial court did not specifically adjudicate him to be an unfit parent.

Our Supreme Court rejected a similar argument in Knox v. Lynchburg Division of Social Services, 223 Va. 213, 288 S.E.2d 399 (1982). According to our Supreme Court, "[o]nce the [trial] court finds [the factors listed in Code § 16.1-283] are present, it need not make a further finding of parental unfitness. In our opinion, a finding that the factors exist is tantamount to a finding of parental unfitness." Id. at 220, 288 S.E.2d at 403. Because Kilby was, as a matter of law, adjudicated an unfit parent, he cannot now rely upon the presumption that it would be in the child's best interests to remain with him. See Mason, 9 Va. App. at 220, 385 S.E.2d at 244 ("To

overcome the strong presumption favoring a parent, the [Department] must adduce by clear and convincing evidence that: (1) the parents are unfit . . . ." (citations omitted)).

## III. CONCLUSION

Based on the foregoing discussion, we affirm the judgment of the trial court.

<u>Affirmed.</u>