COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Chafin and Senior Judge Haley

CONSTANCE BROWN

v.      Record No. 1226-17-3

SHENANDOAH VALLEY DEPARTMENT
 OF SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
MARCH 20, 2018

FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
Charles L. Ricketts, III, Judge

(S. Scott Baker; Baker Law Offices, PLC, on brief), for appellant.

(James B. Glick; Courtney A. Dymond; Colleen H. Taylor, Guardian
*ad litem* for the minor child; Vellines, Glick & Whitesell, P.C.;
Black, Noland & Read, P.L.C., on brief), for appellee.


Constance Brown (mother) appeals orders terminating her parental rights to her child and

approving the goal of adoption. Mother argues that the trial court erred by finding that

(1) terminating her parental rights pursuant to Code § 16.1-283(C) was in the best interests of the

child and (2) approving the foster care plan with the goal of adoption was in the best interests of the

child. Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule

5A:27.

BACKGROUND[1]

"On appeal, 'we view the evidence and all reasonable inferences in the light most

favorable to the prevailing party below, in this case the Department.'" Farrell v. Warren Cty.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Pursuant to Rule 5A:8, the record contains a written statement of facts, but no transcript.

Dep't of Soc. Servs., 59 Va. App. 375, 386, 719 S.E.2d 329, 334 (2012) (quoting Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1180, 409 S.E.2d 16, 18 (1991)).

Mother and Thomas William Ragland (father) are the biological parents of K., the child who is the subject of this appeal.[2] On January 8, 2016, the Shenandoah Valley Department of Social Services (the Department) removed K. from father's home. K. was seven years old at the time. Father had legal and physical custody of K. Mother was not living in the home, and the Department determined that she was not a suitable placement for the child.

On February 11, 2016, the Waynesboro Juvenile and Domestic Relations District Court (the JDR court) entered an order finding that K. was abused or neglected. On July 7, 2016, the JDR court entered a permanency planning order approving the goal of adoption. On September 29, 2016, the JDR court entered an order terminating mother's parental rights.[3] Mother appealed to the circuit court.

On June 23, 2017, the parties appeared before the circuit court. The Department presented evidence that mother had not had any contact with K. from June 7, 2016, through the date of the circuit court hearing. Mother also had refused drug screens on ten occasions between August 4, 2016 and June 8, 2017. The social worker testified that mother was uncooperative, and regularly failed to attend scheduled parent meetings and family partnership meetings. The social worker also testified that her last contact with mother was on March 28, 2017. After hearing the evidence and argument, the circuit court found that it was in the best interests of the child to terminate mother's parental rights pursuant to Code § 16.1-283(C)(1) and (C)(2). It also approved the goal of adoption for K. This appeal followed.

---

[2] Since the child is a minor, we will refer to her by her first initial.

[3] The JDR court also terminated father's parental rights to K.

ANALYSIS

Mother argues that the trial court erred in terminating her parental rights pursuant to Code § 16.1-283(C) and approving the goal of adoption.

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Fauquier Cty. Dep't of Soc. Servs. v. Ridgeway, 59 Va. App. 185, 190, 717 S.E.2d 811, 814 (2011) (quoting Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986)). "When considering termination of parental rights, 'the paramount consideration of a trial court is the child's best interests.'" Id. (quoting Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)).

Code § 16.1-283(C)(1) states that a court may terminate parental rights if

> [t]he parent or parents have, without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent or parents and to strengthen the parent-child relationship.

Furthermore, Code § 16.1-283(C)(1) provides, "Proof that the parent or parents have failed without good cause to communicate on a continuing and planned basis with the child for a period of six months shall constitute prima facie evidence of this condition."

In this case, the Department provided evidence that mother had not had contact with K. for more than one year, specifically from June 7, 2016 through June 23, 2017. The Department indicated that mother was uncooperative. In particular, mother had refused ten drug screens and did not appear at scheduled meetings. Mother's last contact with the social worker was on March 28, 2017, despite efforts by the Department to contact her. At the time of the circuit court hearing, K. had been in foster care for approximately eighteen months, and mother had not

- 3 -

complied with the Department's requirements or maintained contact with K. This evidence established a *prima facie* case for termination under subsection (C)(1); therefore, the trial court did not err in terminating mother's parental rights pursuant to Code § 16.1-283(C)(1) and approving the goal of adoption.

The trial court also terminated mother's parental rights pursuant to Code § 16.1-283(C)(2). "When a trial court's judgment is made on alternative grounds, we need only consider whether any one of the alternatives is sufficient to sustain the judgment of the trial court, and if so, we need not address the other grounds." Kilby v. Culpeper Cty. Dep't of Soc. Servs., 55 Va. App. 106, 108 n.1, 684 S.E.2d 219, 220 n.1 (2009); see also Fields v. Dinwiddie Cty. Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005) (the Court affirmed termination of parental rights under one subsection of Code § 16.1-283 and did not need to address termination of parental rights pursuant to another subsection). Therefore, we will not consider whether the trial court erred in terminating mother's parental rights pursuant to Code § 16.1-283(C)(2).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.