COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Russell, AtLee and Senior Judge Haley

JOHN WILLIAM SHIFLET

MEMORANDUM OPINION[*]

v.      Record No. 2093-19-3                    PER CURIAM
                                                JUNE 23, 2020

BRADLEY MELSON AND
 AMANDA MELSON

FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
Joel R. Branscom, Judge

(Ruth Blaskis, Guardian *ad litem*, on brief), for appellant. Appellant
submitting on brief.

No brief for appellees.

John William Shiflet appeals a final adoption order. Shiflet argues that the circuit court

erred in finding that he had "failed to contact the child for a period of more than six months prior to

the commencement of this action without just cause, when he had made many attempts to contact

the child." Shiflet also asserts that the circuit court erred in finding that the adoption was in the

child's best interests. Upon reviewing the record and briefs of the parties, we conclude that the

circuit court did not err. Accordingly, we affirm the decision of the circuit court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

"Because the circuit court heard evidence *ore tenus*, its factual findings are 'entitled to the same weight accorded a jury verdict[] and . . . will not be disturbed on appeal unless plainly wrong or without evidence to support' them." Geouge v. Traylor, 68 Va. App. 343, 347 (2017) (quoting Bristol Dep't of Soc. Servs. v. Welch, 64 Va. App. 34, 44 (2014)). We recite the evidence in the light most favorable to Bradley and Amanda Melson, as they prevailed in the circuit court. Id.

Shiflet and Amanda Melson are the biological parents to the child who is the subject of this appeal. In 2011, Shiflet and Melson separated when the child was two years old. The child lived with Melson, who subsequently married Bradley Melson; the child has lived with them since he was three years old.[2] On March 8, 2019, the Melsons filed a petition for adoption and argued that Shiflet's consent was "either unnecessary because he has had no contact within the past six months or that [he] is withholding the consent contrary to the best interest of the child . . . ." Shiflet filed an answer requesting a denial of the petition.

On October 23, 2019, the parties appeared before the circuit court. Melson testified that the child had had "limited contact" with Shiflet after they separated. Melson was concerned about Shiflet's alcoholism and supervised any visit he had with the child. Shiflet last visited with the child in person in 2015, but Melson testified that Shiflet "did not show any interest" in the child at the time because he focused his attention on his girlfriend. In 2017, Melson and her family moved. Melson admitted that she did not inform Shiflet of her new address because she was concerned after

---

[1] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellant has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

[2] At the time of the circuit court hearing, the child was ten years old.

- 2 -

a man who had been incarcerated with Shiflet attempted to come to her home. Melson explained that Shiflet knew her mother's address if he wanted to mail any letters or packages to the child, which he did not do.

In July 2017, Melson spoke with Shiflet on the telephone. Shiflet seemed intoxicated, so Melson would not allow him to speak with the child. Melson recalled that Shiflet's last attempt to contact the child was on October 9, 2018; however, the child was at school when Shiflet called. Melson testified that the child considered Bradley Melson to be his father and wanted to be adopted. Bradley Melson testified that he had "an excellent relationship" with the child and wanted to adopt him.

Shiflet contested the adoption. Shiflet had been convicted of driving under the influence and had been incarcerated since August 2017; his anticipated release date was in 2022. He previously had been incarcerated for driving under the influence in 2016 and was released in May 2017. Shiflet testified that he wanted to be involved in the child's life and intended to file a petition for visitation upon his release from prison.

Shiflet testified that after he and Melson separated, he had visited the child "frequently," but the visits became "less frequent" after Melson moved. Shiflet claimed to have called the child "frequently" and attempted to send letters and presents to the child; however, according to Shiflet, Melson stopped arranging visitation, would not allow him to speak with the child, and returned his mail. Shiflet admitted that he never filed a petition for visitation. He explained that in August 2017, he had made an appointment with the juvenile and domestic relations district court, but was incarcerated before his appointment. Shiflet further admitted that he had not attempted to write to the child for approximately one year and stated that he had not done so because "everything previously sent had been returned." Shiflet also claimed to have called Melson while he was

incarcerated, but "the calls would not go through." Shiflet testified that he had made "every attempt possible" to contact the child.

After hearing all of the evidence and the parties' arguments, the circuit court granted the petition for adoption under Code §§ 63.2-1202(H) and -1205. The circuit court found that Shiflet's consent was not required because he had had no contact with the child for more than six months before the commencement of the action without just cause. The circuit court also found that the adoption was in the child's best interests. This appeal followed.

ANALYSIS

Shiflet argues that the circuit court erred by granting the petition for adoption under Code §§ 63.2-1202(H) and -1205. We address Code § 63.2-1205 first, because it presents a dispositive threshold issue.

*Code § 63.2-1205*

Shiflet argues that the circuit court erred in finding that the adoption was in the child's best interests. Shiflet contends that the circuit court "did not give weight to all relevant factors [under Code § 63.2-1205] and did not weigh the factors appropriately." He asserts that he did not withhold his consent to the adoption contrary to the child's best interests. Shiflet claims that he had tried to maintain a relationship with the child, but Melson thwarted his attempts. He stresses that he had a "good" relationship with the child and had hoped to pursue visitation upon his release from incarceration.

"'[T]he interest of parents in the care, custody, and control of their children . . . is perhaps the oldest of the fundamental liberty interests recognized by' the United States Supreme Court." Geouge, 68 Va. App. at 368 (quoting Troxel v. Granville, 530 U.S. 57, 65 (2000) (plurality opinion)). "We have consistently held that to grant a petition for adoption over a birth parent's objection, there must be more than a mere finding that the adoption would promote the child's best

- 4 -

interests." Copeland v. Todd, 282 Va. 183, 197 (2011) (citing Malpass v. Morgan, 213 Va. 393, 398-99 (1972)). "If an acknowledged, adjudicated, presumed, or putative birth parent . . . refuses to consent to the adoption of a child by the spouse of the other birth parent . . . , the court shall determine whether consent to the adoption is withheld contrary to the best interests of the child." Code § 63.2-1241(C).[3] "Virginia's statutory scheme for adoption, including Code §§ 63.2-1205 and -1208, defines the best interests of the child in terms that require more expansive analysis than when the contest is between two biological parents." Copeland, 282 Va. at 199.

Code § 63.2-1205 states, in relevant part, as follows:

> In determining whether the valid consent of any person whose consent is required is withheld contrary to the best interests of the child, . . . the circuit court . . . shall consider whether granting the petition pending before it would be in the best interest of the child. The circuit court . . . shall consider all relevant factors, including the birth parent(s)' efforts to obtain or maintain legal and physical custody of the child; whether the birth parent(s) are currently willing and able to assume full custody of the child; whether the birth parent(s)' efforts to assert parental rights were thwarted by other people; the birth parent(s)' ability to care for the child; the age of the child; the quality of any previous relationship between the birth parent(s) and the child and between the birth parent(s) and any other minor children; the duration and suitability of the child's present custodial environment; and the effect of a change of physical custody on the child.

The record demonstrates that the circuit court considered the evidence presented and the factors delineated in Code § 63.2-1205. The circuit court found that Shiflet was "unable, for the foreseeable future because of his incarceration, to obtain physical custody or to care for [the child], either financially or otherwise." Shiflet admitted that he had never filed a petition for visitation, although he claimed to have made an appointment with the juvenile and domestic relations district

---

[3] Despite Mr. Melson being a stepparent within the intendment of Code § 63.2-1241, neither the parties nor the circuit court cited or utilized Code § 63.2-1241 in the proceedings below. Because no party asserts that the circuit court erred in not utilizing the stepparent adoption statute, that issue is not before us in this appeal.

court clerk's office to do so; however, he was arrested before the appointment. His expected release date from incarceration was not until 2022.

The circuit court further found that Shiflet's "efforts to visit or obtain custody ha[d] not been thwarted by anyone other than himself." Shiflet had not visited with the child since 2015. Shiflet admitted that he had not attempted to write a letter to the child in approximately one year. Melson testified that the last time that Shiflet attempted to contact the child was on October 9, 2018, but the child was in school when he called.

Moreover, the circuit court found that the child's current custodial arrangement was "stable and long in duration." At the time of the circuit court hearing, the child was ten years old and had been living with Bradley Melson for seven years. Considering the record before us, the circuit court did not err in finding that the adoption was in the child's best interests. "When, as here, the circuit court reviewed the statutory factors, based its findings on evidence presented, and did not commit legal error, there is no basis for this Court to reverse its decision." Geouge, 68 Va. App. at 372.

*Code § 63.2-1202(H)*

Shiflet also argues that the circuit court erred in finding that his consent to the adoption was not necessary pursuant to Code § 63.2-1202(H).

"When a trial court's judgment is made on alternative grounds, we need only consider whether any one of the alternatives is sufficient to sustain the judgment of the trial court, and if so, we need not address the other grounds." Kilby v. Culpeper Cty. Dep't of Soc. Servs., 55 Va. App. 106, 108 n.1 (2009); see also Fields v. Dinwiddie Cty. Dep't of Soc. Servs., 46 Va. App. 1, 8 (2005) (the Court affirmed termination of parental rights under one subsection of Code § 16.1-283 and did not need to address termination of parental rights pursuant to another subsection). Because the circuit court held that the adoption was in the best interests of the child under Code § 63.2-1205, we

need not decide whether the circuit court erred in finding that Shiflet's consent to the adoption was not necessary under Code § 63.2-1202(H).

CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

Affirmed.