COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Athey and Senior Judge Clements

QUANEISHA GEE

MEMORANDUM OPINION[*]

v.      Record No. 1349-20-1                                 PER CURIAM
                                                             JUNE 15, 2021

CITY OF NEWPORT NEWS
 DEPARTMENT OF HUMAN SERVICES

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
C. Peter Tench, Judge

(Charles E. Haden, on brief), for appellant.

(Stephen A. Grim, Assistant City Attorney; Dee Vantree-Keller,
Guardian *ad litem* for the minor children, on brief), for appellee.


Quaneisha Gee (mother) appeals the circuit court's orders terminating her parental rights to

three of her children. Mother argues that the circuit court erred in terminating her parental rights

because the termination was not in the children's best interests and the City of Newport News

Department of Human Services (the Department) had failed to make "reasonable and appropriate

efforts" or "reasonable rehabilitative efforts" to remedy the conditions that led to the children's

foster care placement. Upon reviewing the record and briefs of the parties, we conclude that this

appeal is without merit. Accordingly, we summarily affirm the decision of the circuit court. See

Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

"On appeal from the termination of parental rights, this Court is required to review the evidence in the light most favorable to the party prevailing in the circuit court." Yafi v. Stafford Dep't of Soc. Servs., 69 Va. App. 539, 550-51 (2018) (quoting Thach v. Arlington Cnty. Dep't of Hum. Servs., 63 Va. App. 157, 168 (2014)).

On June 15, 2019, the Newport News Police Department responded to a call for a heroin overdose at a residence where mother and three of her children, ages five, six, and seven, were staying.[2] The children were outside of the home when the police arrived. Meanwhile, mother, who was not the one who overdosed, was inside the home; she did not cooperate with the police and was forcibly removed from the home. Upon executing a search warrant, the police found a "large amount of heroin and pills" and drug paraphernalia inside the home. The home did not have any working toilets and was infested with roaches, ants, flies, and other insects. The police arrested mother for obstruction of justice and three counts of felony child neglect. The Department removed the children and placed them in foster care.

Once the children entered foster care, the Department required mother to participate in services and complete certain requirements, including obtaining and maintaining safe and stable housing for the children. Mother obtained a three-bedroom apartment, but she was not cooperative in allowing the Department to see her residence. The Department scheduled three or

---

[1] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellant has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

[2] In March 2019, mother had given birth to another child, who was born substance-exposed. The Department removed the child from mother's care after his birth and ultimately placed him with a paternal relative; that child is not the subject of this appeal.

four visits that mother canceled before the Department and the guardian *ad litem* finally saw mother's home in January 2020.  Her home had a "very minor" safety issue, but otherwise was fine; mother testified that she resolved the safety concern.

The Department also had required mother to "display financial stability."  Mother and her stepmother told the Department that mother had "an inside connection to employment at the Dollar General."  Mother, however, did not "do everything that she was supposed to do to secure that employment" and was unemployed at the time of the circuit court hearing.

Furthermore, the Department referred mother to parenting classes, which she completed. The Department also offered weekly visitation to mother, who attended "mostly all" of the scheduled visitations until March 2020.  Mother brought activities, discussed schoolwork, and was "very attentive" to the children during the in-person visits.  The visitations transitioned to videoconference in March 2020 because of the pandemic, but mother did not participate and did not maintain contact with the social worker from March through June 2020.[3]

The Department also required mother to have a mental health assessment, which she never completed.  The Department was concerned because mother was "displaying some depressive symptoms."

In addition to all the other services, the Department referred mother to an intensive outpatient substance abuse treatment program.  Mother started the program in August 2019; however, there was "a lot of inconsistency" in her attendance and participation.  There would be "large gaps" in between mother's drug testing because she would not come in, so the program did not have an accurate picture of mother's progress.  Mother denied substance use yet tested positive for drugs approximately five times.  On March 6, 2020, the program discharged mother

---

[3] Mother testified that the videoconferencing was not compatible with her phone.

for positive drug screens and poor attendance. Mother was referred to a residential treatment program, but she chose not to attend.

On August 18, 2020, the City of Newport News Juvenile and Domestic Relations District Court terminated mother's parental rights to her three children.[4] Mother appealed the rulings to the circuit court.

On November 30, 2020, the parties appeared before the circuit court. The Department presented evidence that the children were "doing excellent" in foster care and participating in counseling. The children had improved academically and were involved in extracurricular activities. At the time of the circuit court hearing, the children were living together and had developed "a strong bond" with their foster parents, who wished to adopt them.

The Department explained that mother "didn't always follow through" with the necessary programs, such as the substance abuse treatment and the mental health assessment. The Department was concerned because mother remained in denial about her substance abuse and was not truthful or honest with the outpatient treatment program.

Mother testified that in April 2020 she had had brain surgery and four months later, heart failure. As a result, she was unable to obtain a job and was unemployed at the time of the circuit court hearing; she had not applied for disability. Mother explained that her family was helping her financially.

Mother admitted that she had used drugs in January 2020. She explained that after she was discharged from the outpatient drug treatment program, she did not enroll in an inpatient treatment program because she "didn't think [she] could do it." Mother, though, claimed to be

---

[4] The City of Newport News Juvenile and Domestic Relations District Court terminated the parental rights of the children's fathers; the fathers did not participate in mother's appeal to the circuit court.

sober at trial. Mother testified that she had changed and wanted her children returned to her custody.

At the conclusion of all the evidence, mother moved to strike, which the circuit court denied. After hearing the closing arguments, the circuit court terminated mother's parental rights to her three children under Code § 16.1-283(B) and (C)(2). This appeal followed.

ANALYSIS

"On review, '[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Castillo v. Loudoun Cnty. Dep't of Fam. Servs., 68 Va. App. 547, 558 (2018) (quoting Logan v. Fairfax Cnty. Dep't of Hum. Dev., 13 Va. App. 123, 128 (1991)). "Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Fauquier Cnty. Dep't of Soc. Servs. v. Ridgeway, 59 Va. App. 185, 190 (2011) (quoting Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20 (1986)).

Mother challenges the circuit court's termination of her parental rights and contends that the termination was not in the children's best interests. Mother further asserts that the Department failed to make "reasonable and appropriate efforts" and "reasonable rehabilitative efforts" to remedy the conditions that led to the children's placement in foster care. Mother contends that the Department "made little or no effort" to offer her employment services or drug treatment.

The circuit court terminated mother's parental rights under Code § 16.1-283(B) and (C)(2). Code § 16.1-283(C)(2) states that a court may terminate parental rights if:

> The parent or parents, without good cause, have been unwilling or
> unable within a reasonable period of time not to exceed 12 months
> from the date the child was placed in foster care to remedy
> substantially the conditions which led to or required continuation

of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

"[S]ubsection C termination decisions hinge not so much on the magnitude of the problem that created the original danger to the child, but on the demonstrated failure of the parent to make reasonable changes." Yafi, 69 Va. App. at 552 (quoting Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 271 (2005)).

After hearing the evidence and argument, the circuit court found that the Department had "made reasonable efforts and appropriate efforts to help the mother remedy the condition which led to the required continuation of foster care placement of her children and without good cause has failed to substantially remedy those conditions within a reasonable period of time." The circuit court noted that a few months before the children's removal, mother had given birth to another child who had been born substance-exposed. The Department presented evidence that it was "already in the process of addressing [mother's] substance abuse concerns" when the police notified the Department about the drug overdose at the house where mother and the children were staying. The circuit court found that at the time of the children's removal, they were living in "a squalid environment." The evidence proved that the Department had referred mother to an outpatient substance abuse treatment program, but she had "denial issues" and did not complete it. Mother admittedly had tested positive for drugs while in the outpatient program. Mother was referred to an inpatient treatment program, but she "declined to do that [program]." One of the main reasons that the children entered foster care was mother's substance abuse, yet she did not avail herself of the treatment services offered.

The circuit court rejected mother's arguments that the Department had failed to make reasonable and appropriate efforts to assist mother in remedying the conditions that led to the children's foster care placement. With respect to mother's employment situation, mother told

the Department that she did not need assistance because she had employment opportunities with Dollar General; however, mother failed to follow through with what was needed and did not get the job. At the time of the circuit court hearing, mother was disabled, but the circuit court found that she had not "sought any disability or other support for that." With respect to substance abuse treatment, the circuit court found that mother "didn't do what she was requested to do," despite the services provided to her.

"'Reasonable and appropriate' efforts can only be judged with reference to the circumstances of a particular case. Thus, a court must determine what constitutes reasonable and appropriate efforts given the facts before the court." Harrison v. Tazewell Cnty. Dep't of Soc. Servs., 42 Va. App. 149, 163 (2004) (quoting Ferguson v. Stafford Cnty. Dep't of Soc. Servs., 14 Va. App. 333, 338 (1992)). The Department "is not required to force its services upon an unwilling or disinterested parent." Tackett v. Arlington Cnty. Dep't of Hum. Servs., 62 Va. App. 296, 323 (2013) (quoting Harris v. Lynchburg Div. of Soc. Servs., 223 Va. 235, 243 (1982)); see also Logan, 13 Va. App. at 130. The evidence proved that although mother completed some requirements, such as attending the parenting classes and obtaining housing, mother did not complete other necessary services, namely the substance abuse treatment and a mental health assessment.

The children, on the other hand, were doing well in foster care but continued to need services. The children had been in foster care for approximately seventeen months, and mother still was not financially stable and had not completed the mental health assessment and substance abuse treatment. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Tackett, 62 Va. App. at 322 (quoting Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540 (1990)). Contrary to mother's arguments, there was clear and

convincing evidence to support the circuit court's rulings. The circuit court did not err in finding that it was in the children's best interests to terminate mother's parental rights and that the evidence was sufficient to support termination under Code § 16.1-283(C)(2).[5]

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.

---

[5] The circuit court also terminated mother's parental rights under Code § 16.1-283(B). "When a trial court's judgment is made on alternative grounds, we need only consider whether any one of the alternatives is sufficient to sustain the judgment of the trial court, and if so, we need not address the other grounds." Kilby v. Culpeper Cnty. Dep't of Soc. Servs., 55 Va. App. 106, 108 n.1 (2009); see also Fields v. Dinwiddie Cnty. Dep't of Soc. Servs., 46 Va. App. 1, 8 (2005) (the Court affirmed termination of parental rights under one subsection of Code § 16.1-283 and did not need to address termination of parental rights pursuant to another subsection). Because we find that the circuit court did not err in terminating mother's parental rights under Code § 16.1-283(C)(2), we, therefore, do not need to reach the question of whether mother's parental rights also should have been terminated under Code § 16.1-283(B).